■ YVONNE JOYCE, Respondent, v WILLIAM R. JOYCE, JR., Appellant.— Judgment, Supreme Court, New York County, entered April 16, 1976, which, *inter alia,* granted a divorce to the plaintiff on the grounds of cruel and inhuman treatment and abandonment, unanimously modified, on the law and on the facts, by remanding this matter for further fact finding with regard to (1) alimony, (2) child support, (3) counsel fees, (4) sequestered funds and (5) visitation rights, and otherwise affirmed, without costs and without disbursements. There is more than ample evidence in the record to support the lower court's determination that plaintiff is entitled to a divorce based upon the defendant's cruel and inhuman treatment and his abandonment. However, at the time of trial, it was not seriously contested that the plaintiff was earning approximately $21,000 per year while the defendant was merely earning $9,000 per year. The lower court, without extended discussion, awarded alimony of $100 per week and child support of $150 per week. Viewed against the discrepancy in the parties' income, the amount awarded for alimony and child support raises a serious question as to the basis for that award. Likewise, a valid question is raised as to whether the award of $1,500 in counsel fees to plaintiff's attorney was excessive. Plaintiff had previously paid her attorney the sum of $5,000 for his services. The opinion below is silent on the number of hours that counsel spent in this litigation, the hourly value of his services and any other indicia that were considered in calculating the $1,500 fee. Again, there is no explanation in the opinion as to why the plaintiff was awarded the balance of $6,000 in sequestered funds. If the plaintiff had incurred extensive debts because of the defendant's abandonment or if she otherwise financially needed those funds for proper support, those facts should be stated by the lower court in its decision. Finally, it should be observed that the lower court found that there was no evidence that the defendant threatened to take his child to Brazil. Nonetheless, defendant's visitation privileges were limited to New York City on a day-by-day basis. Permission was not even given to allow the defendant to take the child to Florida to visit her grandparents. The lower court should set forth its rationale for restricting visitation rights so severely. This proceeding must be remanded for further findings of fact in accordance with this determination. Concur—Kupferman, J. P., Murphy, Lane and Markewich, JJ.