■ BARBARA KNIFFEN, Respondent, v BRUCE KNIFFEN, Appellant

Considering that the marital home, a cooperative apartment, was purchased in plaintiff's name only approximately six months prior to the marriage, we do not disturb the Trial Court's determination crediting plaintiff's testimony that checks drawn on defendant's account and applied at the closing towards the purchase of the apartment constituted funds derived from plaintiff's trust income. Furthermore, defendant apparently acted only as plaintiff's attorney at the closing.

However, we remand for a hearing to determine plaintiff's counsel fee application. The Trial Court recognized that the fee, in part, represented duplicative services and costs, but chose not to "parse" through the fee request to insure that it represented reasonable fees for legal services actually performed. Notwithstanding that the judgment provides for the payment of both parties' counsel fees out of the proceeds of the sale of the Water Mill property, an evaluation of plaintiff's counsel fee request must be made to insure reimbursement of *reasonable* counsel fees only *(Partridge v Myerson,* 162 AD2d

507, 510, *lv denied* 76 NY2d 710). Concur—Carro, J. P., Ellerin, Wallach, Ross and Rubin, JJ.