■ LIMOR FADER, Also Known as LIMOR LASH, Appellant, v PLANNED PARENTHOOD OF NEW YORK CITY, INC., et al., Respondents. [717 NYS2d 166] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered April 8, 1999, which, in a medical malpractice action, denied plaintiff's motion to set aside the verdict, unanimously affirmed, without costs.

Plaintiff's arguments that the trial court committed revers-

ible error in not discharging the alternate jurors once deliberations began, as required by CPLR 4106, and that she was denied due process by reason of contact between the regular jurors and the alternates after deliberations began, are not preserved for appellate review. The record is clear that the Trial Judge wanted to give the parties the option of stipulating to the substitution of an alternate juror in the event a regular juror became unavailable for continued service during deliberations. To that end, the Trial Judge clearly informed the jurors that the regulars were to begin deliberations while the alternates were to be separated from them and were not to discuss the case at all. None of the parties objected during or after the discussions and instructions on this subject. Only after the verdict was read, did plaintiff claim that the regulars and alternates commingled. The claim was based on the observations of plaintiff, her father, an employee of plaintiff's attorney and plaintiff's attorney himself that the room where the alternates had previously been sent was not being used on the day the jurors reached their verdict, and, since the alternates were not seen in the hallway that day, and were seen walking into the courtroom with the regulars when the verdict came in, the alternates, plaintiff argues, must have been in the same room as the regulars. This argument presupposes there was no room other than the one originally used to accommodate the alternates. Inasmuch as it appears that plaintiff's attorney was aware of the alleged commingling, he could and should have objected before the verdict came in, or, at the latest, before the jury was discharged, and not, as appears, 11 days later when he made the motion to set aside the verdict on papers (cf., *Califano v City of New York*, 212 AD2d 146, 153). In any event, were we to review the claim on the merits, we would find it too conjectural to warrant relief. We reject plaintiff's argument, not raised on her motion to set aside the verdict, that CPLR 4106 cannot be waived without violating due process (cf., CPL 270.30 [1]). We have considered and rejected plaintiff's argument that the verdict is against the weight of the evidence. Concur—Rosenberger, J. P., Williams, Andrias, Buckley and Friedman, JJ.