■ DAVID Z. INC. et al., Respondents-Appellants, v TIMUR ON FIFTH AVENUE, INC., et al., Appellants-Respondents. [776 NYS2d 242]—

Order and judgment (one paper), Supreme Court, New York County (Shirley Werner Kornreich, J.), entered May 30, 2003, which, inter alia, awarded defendants attorneys' fees in the amount of $13,793, unanimously modified, on the law, the facts and in the exercise of discretion, to reduce the fee award to

$7,500, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

Contrary to defendants' argument, the IAS court was not obliged to defer to the Special Referee, since her report and recommendations did not depend on the credibility of witnesses; rather, it was based on counsel's billing records. The court correctly characterized this case as involving "far from difficult," "run-of-the-mill issues," requiring four court appearances, two of which involved adjournments, a "simple motion" and a settlement for the full amount of rent arrears claimed. It also adequately identified the time billed for five attorneys it was discounting and articulated its reasons for reducing the $26,262 amount recommended by the Special Referee to $13,793.

However, although a "fee on a fee" for services to recover a fee is normally recoverable under Real Property Law § 234 (*see Senfeld v I.S.T.A. Holding Co.*, 235 AD2d 345, 345-346 [1997], *lv dismissed* 91 NY2d 956 [1998], *lv denied* 92 NY2d 818 [1998]), inasmuch as any award of attorneys' fees to defendants in this case is based not on the statute or the parties' lease, but on their stipulation of settlement which contemplated a hearing on the issue but did not expressly provide for such fees, they should not have been awarded (*cf. Getty Petroleum Corp. v G.M. Triple S. Corp.*, 187 AD2d 483, 484 [1992]). Likewise, given the parties' inability to agree on the amount of attorneys' fees and their stipulation providing for a court hearing on the issue, it is equitable for each side to bear half the cost of the transcript of the hearing before the Special Referee.

Finally, based on our independent review of the record, we find that the amount of work done by defendants' five attorneys on this simple $28,000 matter was excessive and further reduce the total award to $7,500.

We have considered the parties' remaining arguments for affirmative relief and find them unpersuasive. Concur—Andrias, J.P., Lerner, Friedman and Marlow, JJ.