■ Blanche Baker Van Dusen, Respondent, v Robert B. Van Dusen, Appellant. [785 NYS2d 916]—

Order, Supreme Court, New York County (Laura Visitacion-Lewis, J.), entered August 8, 2003, which, in this matrimonial action, to the extent appealed, directed that defendant pay attorney's fees in the amount of $15,000 directly to plaintiff's attorneys, unanimously reversed, on the law, without costs, the fee award vacated and the matter remanded for a hearing to determine said fees, to include detailed findings as to how they were calculated. Order, same court and Justice, entered May 28, 2004, which directed defendant to pay an additional amount of $30,000 in attorney's fees, unanimously reversed, on the law, without costs, the fee award vacated and the matter remanded for a hearing to determine attorney's fees, to include detailed findings as to how said fees were calculated.

The court improvidently exercised its discretion in failing to address in its orders, or in an accompanying decision, any of the factors that must be considered in awarding reasonable attorney's fees (*Kniffen v Kniffen*, 179 AD2d 416 [1992], *lv denied* 80 NY2d 760 [1992]; *Joyce v Joyce*, 56 AD2d 758 [1977]; *see also Matter of Dalessandro v O'Brien*, 285 AD2d 592 [2001]; *Matter of Olesh v Auerbach*, 227 AD2d 406 [1996]). For example, the seemingly excessive number of hours billed by plaintiff's attorneys was apparently accepted by the court without the requisite scrutiny (*see David Z. Inc. v Timur on Fifth Ave.*, 7 AD3d 257 [2004]). Consequently, the matter must be remanded for proper consideration (*Kniffen v Kniffen, supra*; *Murphy v Murphy*, 110 AD2d 688, 689 [1985]). Concur—Sullivan, J.P., Ellerin, Williams, Gonzalez and Catterson, JJ.