Order and judgment (one paper), Supreme Court, New York County (Walter B. Tolub, J., and a jury), entered December 19, 2008, in favor of plaintiffs and against defendant in the amount of $39,449.43 (after offsetting a judgment in favor of defendant in another action), unanimously affirmed, without costs.
Plaintiffs originally sought attorneys’ fees pursuant to a stipulation of settlement involving defendant-tenant’s agreement to correct illegal and unauthorized alterations to her apartment. The stipulation provided for such fees in the event of defendant’s noncompliance with the stipulation. The tenant breached the stipulation and plaintiffs obtained a judgment against her for attorneys’ fees in the amount of $59,508.23. Under the broad and inclusive terms of the stipulation, which provided that both parties agree to indemnify and hold each other harmless for any and all costs and expenses incurred due to the failure to abide by the terms of the stipulation, including, but not limited to reasonable attorneys’ fees, plaintiffs were properly awarded attorneys’ fees incurred in connection with enforcement of that judgment.
The fee award of $15,000, compensating plaintiffs’ attorneys for their efforts to compel defendant’s compliance with the term of the stipulation that required defendant, at her sole cost and expense, to remove the final remaining Department of Buildings violation issued against the building because of her unauthorized apartment renovation, was not excessive under the circumstances.
Inasmuch as defendant fully consented to—indeed even proposed—having the two alternate jurors deliberate and render a verdict with the regular jurors, she has failed to preserve her argument that the court committed reversible error in submit *453 ting the case to a jury of eight persons rather than six (see Fader v Planned Parenthood of NY. City, 278 AD2d 41 [2000]; see also Sharrow v Dick Corp., 86 NY2d 54, 59-60 [1995]; Waldman v Cohen, 125 AD2d 116, 118-124 [1987]). Also unpreserved, for failure to timely object, is defendant’s argument that the six to two jury votes in favor of plaintiffs were contrary to the requirement of CPLR 4113 (a) that a verdict must be rendered by not less than five-sixths of the jurors constituting a jury (see Harvey v B & H Rests., Inc., 40 AD3d 241 [2007]). We note, however, with respect to the merits, that while CPLR 4106 requires that alternate jurors be discharged after the final submission of the case, there was no substitution here of the two alternates for regular jurors after deliberations had begun, the circumstance that invalidated the jury deliberations in Gallegos v Elite Model Mgt. Corp. (28 AD3d 50, 54-55 [2005]), and that all eight jurors deliberated as a group from start to finish and reached a verdict together.
We reject defendant’s contention that the court erred in giving a missing witness charge due to her failure to testify. While much of the trial indeed focused on the amount of attorneys’ fees that would constitute a reasonable award, an issue about which defendant would not likely have had anything meaningful to contribute, the issue of whether attorneys’ fees were properly awardable at all was also submitted for the jury’s consideration, an issue that turned, at least in part, on the actions that defendant took to have the remaining plumbing violation removed. As plaintiffs’ lay witness testified that defendant was not cooperative in producing the documents necessary to certify removal of the plumbing violation, defendant could be expected to dispute those facts or to explain why she cannot (see Crowder v Wells & Wells Equip., Inc., 11 AD3d 360, 361 [2004]).
We have considered defendant’s remaining contentions and find them unavailing. Concur—Mazzarelli, J.E, Saxe, Nardelli, Abdus-Salaam and Román, JJ.