Trafelet v Trafelet (2018 NY Slip Op 04450)





Trafelet v Trafelet


2018 NY Slip Op 04450


Decided on June 14, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 14, 2018

Renwick, J.P., Gische, Andrias, Kapnick, Singh, JJ.


6902N 312168/15

[*1] Lara S. Trafelet, Plaintiff-Respondent,
v
Remy W. Trafelet, Defendant-Appellant. 
Buchanan Ingersoll & Rooney PC, Nonparty Respondent.


Stein Riso Mantel McDonough, LLP, New York (Kevin M. McDonough of counsel), for appellant.
The McPherson Firm P.C., New York (Laurie J. McPherson of counsel), for Lara S. Trafelet, respondent.
Buchanan Ingersoll & Ronney PC, New York (Natalie Peled of counsel), for Buchanan Ingersoll & Rooney PC, respondent.



Order, Supreme Court, New York County (Frank P. Nervo, J.),
entered June 16, 2017, as supplemented by order entered July 21, 2017, which, to the extent appealed from as limited by the briefs, granted plaintiff wife's motion for interim counsel and expert fees in the amount of $3,500,000, unanimously affirmed, without costs.
Contrary to defendant's contention, the court set forth in the order the reasons for its decision, in accordance with Uniform Rules for Trial Courts (22 NYCRR) § 202.16(k)(7). The court explained that the case involves "expansive issues," which include the validity of a $150 million trust and the alleged commingling of marital and non-marital assets within the trust, as well as equitable distribution issues that, given the scope and size of the assets in the marital estate, will necessarily entail legal, accounting, and property valuation expertise. With respect to the last point, the court showed that it had the ability to assess the value of the legal services rendered (see Smith v Smith, 277 AD2d 531 [3d Dept 2000]). Moreover, the court had presided over a seven-day pendente lite hearing, and its conclusions reflect its understanding of "the circumstances of the case and of the respective parties" (see Domestic Relations Law § 237[a]).
The record contains an exhaustive affidavit by plaintiff's forensic accountant addressing the complexity of the financial issues and indicating that a significant portion of plaintiff's fees were incurred in responding to or defending against litigation initiated by defendant, including the litigation over trust issues addressed on a prior appeal (Trafelet v Trafelet, 150 AD3d 483 [1st Dept 2017]). There is no basis in this record for finding those fees excessive or duplicative (see Van Dusen v Van Dusen, 13 AD3d 182 [1st Dept 2004]; Kniffen v Kniffen, 179 AD2d 416 [1st Dept 1992], lv denied 80 NY2d 760 [1992]). The record also fails to substantiate defendant's contention that the award will only reward plaintiff for extreme litigiousness. Rather, it establishes that he has initiated at least as much of the litigation as she has initiated. In addition, because the fees are subject to reallocation at trial, there is little incentive for either party to engage in frivolous litigation. Nor has defendant shown that the award covered fees incurred in furtherance of any "meritless" litigation strategy on plaintiff's part.
The court properly included Sullivan & Cromwell's fees in the interim award. While defendant tries to minimize the relevance of the firm's trust-related legal work, it was he who placed trust-related issues at the front and center of this litigation by means of his motion for partial summary judgment at the outset. Moreover, nothing in the record substantiates [*2]defendant's contention that the fee award covered fees for out-of-state lawyers engaged in the unauthorized practice of law (see Judiciary Law § 478).
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 14, 2018
CLERK