■ GETTY PETROLEUM CORP., Appellant, v G.M. TRIPLE S. CORP. et al., Respondents.—In an action, *inter alia,* to permanently enjoin the defendants from using the basement of the building known as 125 Jericho Turnpike, Jericho, New York, as a discotheque, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Christ, J.), which, after a hearing, following a settlement in which the defendants agreed to pay the plaintiff's reasonable attorneys' fees and disbursements, granted the plaintiff only $19,368.38 in attorneys' fees and disbursements, less a credit of $3,250, for a total of $16,118.38.

Ordered that the judgment is reversed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a finding in accordance herewith, based on the existing record, a new determination as to attorneys' fees, and entry of an appropriate judgment.

In reducing the plaintiff's counsel's hourly rate from $175 for partner's time and $110 for associates' time to $90 for partner's time and $75 for associates' time, the court based its decision on the plaintiff's counsel's "standing at the bar [and] his general reputation known to [the court] in this community". However, there is nothing in the record to indicate what counsel's reputation in the community was, or why it warranted such a reduction. While it is true that "the reasonable hourly rate should be based on the customary fee charged for similar services by lawyers in the community with like experience and of comparable reputation to those by whom

the prevailing party was represented", it is also true that " '[i]n most communities, the marketplace has set a value for the services of attorneys, and the hourly rate charged by an attorney for his or her services will normally reflect the training, background, experience and skill of the individual attorney' " (Matter of Rahmey v Blum, 95 AD2d 294, 302, quoting from Northcross v Board of Educ., 611 F2d 624, 638, cert denied 447 US 911). Here, the uncontradicted evidence indicated that the plaintiff's counsel's normal rate for his services was $175 per hour for partner's time and $110 for associates' time. We see no reason, in the absence of any evidentiary challenge, to reduce the plaintiff's counsel's normal rate.

Additionally, because the defendants agreed to pay the reasonable disbursements for the entire action, and they did not challenge the disbursements for the reproduction of the trial transcripts for the underlying action, we find that these disbursements should not have been disallowed. However, the record supports the court's reduction of the disbursements for investigative fees from $6,653.11 to $4,000.

Finally, since the settlement did not expressly include attorneys' fees expended to conduct the hearings to set the fees, we find that the court properly disallowed the supplemental fees associated with the hearings. Thus, on remittitur, the court is to determine the reasonable number of hours expended, without consideration of the time spent on the hearings to determine the reasonable attorneys' fees. Miller, J. P., Copertino, Pizzuto and Santucci, JJ., concur.