■ SANTIAGO GUTIERREZ, Appellant, v DIRECT MARKETING CREDIT SERVICES, INC., et al., Respondents. [701 NYS2d 116] —In an action to recover damages under the Fair Debt Collection Practices Act (15 USC § 1692 *et seq.*), the plaintiff appeals, on the ground of inadequacy, from so much of an order of the Supreme Court, Westchester County (Fredman, J.), entered January 29, 1999, as granted that branch of his motion which was for an award of an attorney's fee only to the extent of awarding him $2,280.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff in the instant case recovered $1,000 in damages. As a successful litigant in an action brought pursuant to the Fair Debt Collection Practices Act (15 USC § 1692 *et seq.*), the plaintiff was entitled to reasonable counsel fees (*see, Pipiles v Credit Bur.,* 886 F2d 22), which are generally determined by applying the "lodestar" formula, which calculates the appropriate fee by multiplying the reasonable hours of work expended on prosecuting the action by the prevailing hourly rate for similar legal work in the community (*see, Hensley v Eckerhart,* 461 US 424). "Whenever the court augments or reduces the lodestar fee, it must state its reasons for doing so as specifically as possible" (*Matter of Rahmey v Blum,* 95 AD2d 294, 305, citing *Hensley v Eckerhart, supra*).

The plaintiff bore the burden of establishing, in the first

instance, the hours reasonably expended by his attorney and the prevailing hourly rate for similar legal work in the community (*see, Matter of Rahmey v Blum, supra*; *Cruz v Local Union No. 3*, 34 F3d 1148).

In support of his claim for counsel fees, the plaintiff submitted a statement from his attorney claiming that he spent 32.8 hours on the case, and that the "market rate in this community for legal services of this nature is $175.00 per hour". However, the attorney's statement was neither sworn to nor affirmed pursuant to CPLR 2106. The plaintiff's attorney also submitted an affirmation from an attorney whose law firm had offices in New York, and Greenwich, Connecticut, who was admitted to the bar in both New York and Connecticut, and who practiced in the areas of commercial, personal injury, and consumer protection law. That attorney noted that his law firm billed his time at $175 per hour, but he did not indicate that this was the prevailing market rate in the community for services similar to those provided by the plaintiff's counsel.

In view of the foregoing, the plaintiff's attorney failed to establish the reasonable hours of work expended by him and the prevailing hourly rate for similar legal work in the community (*see, Matter of Rahmey v Blum, supra*; *see also, Joseph v Ruffo*, 101 AD2d 664, *affd* 64 NY2d 980). Accordingly, the plaintiff has no basis to challenge the amount awarded to him. Bracken, J. P., Joy, Goldstein and Florio, JJ., concur.