■ In the Matter of MASPETH 5718 ASSOCIATES, INC., Appellant, v CITY OF NEW YORK et al., Respondents. [739 NYS2d 414] —In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the respondents City of New York and Andrew S. Eristoff, as Commissioner of the New York City

Department of Finance, dated March 6, 2000, which denied the petitioner's request to cancel the interest that accrued on certain unpaid real property taxes, the petitioner appeals from a judgment of the Supreme Court, Queens County (Glover, J.), entered September 22, 2000, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

In a bill dated May 10, 1996, the New York City Department of Finance (hereinafter the DOF) informed the petitioner, Maspeth 5718 Associates, Inc. (hereinafter Maspeth), that it owed $580,058.54 in unpaid real property taxes and other charges for the subject property. To avoid the sale of the tax lien, Maspeth partially reduced its debt by requesting transfer of tax credits from four other properties in the amount of $187,343.69 and paying $149,837.17 to the DOF. It is undisputed that the DOF did not properly apply the credit transfers and partial payment to Maspeth's account. As a result of the DOF's error, the City of New York included Maspeth's lien in a portfolio of delinquent tax liens that were sold to the NYCTL 1996-1 Trust (hereinafter the Trust) on May 21, 1996. In December 1999 the City corrected the error and removed Maspeth's lien from the Trust. Although Maspeth paid the outstanding principal balance of the 1996 real property taxes in 1999, it refused to pay the interest that accrued on the unpaid balance during the period that the Trust owned the tax lien. When the DOF refused to cancel the interest, Maspeth commenced this proceeding pursuant to CPLR article 78.

The Supreme Court properly determined that the DOF's decision was rationally based on several provisions of the Administrative Code of the City of New York. The Commissioner of Finance is required to "charge, receive and collect interest" on unpaid real estate taxes and the Commissioner does not have any discretion to reduce the interest rate (Administrative Code § 11-224 [f], [g]; § 11-302). In addition, where, as here, the tax lien is sold, the purchaser stands in the same position as the City and has all the rights and remedies that the City would have had if the lien had not been sold (see, Administrative Code §§ 11-319, 11-332 [a]). Among those rights is the right of the purchaser of a tax lien to collect interest on the unpaid real estate taxes and other charges (see, Administrative Code § 11-332 [b]) and to commence a foreclosure action in the event of a default (see, Administrative Code § 11-335; *NYCTL 1996-1 Trust v 209 Holding Corp.*, 269 AD2d 580; *NYCTL 1996-1 Trust v Railroad Maintenance Corp.*, 266 AD2d 39). Accordingly, the statutory interest continued to accrue on

the unpaid real estate taxes regardless of which entity, the City or the Trust, owned the tax lien. Prudenti, P.J., Santucci, Florio and Friedmann, JJ., concur.