Adrienne GATTI, Plaintiff–Appellee–Cross–Appellant,

v.

COMMUNITY ACTION OF GREENE COUNTY, INC., and Edward J. Daly, Individually and in his capacity as Executive Director of Community Action Agency of Greene County, Inc., Defendants–Appellants–Cross–Appellees.

Nos. 02–9429(L), 03–7589(CON), 03–7649(XAP).

United States Court of Appeals, Second Circuit.

Feb. 9, 2004.

James W. Hyde, IV, Kernan & Keman, P.C., Utica, NY, for Plaintiff–Appellee.

James T. Towne, Jr., The Towne Law Offices, Albany, NY, for Defendants–Appellants.

PRESENT: NEWMAN, CALABRESI, Circuit Judges, and UNDERHILL,*

---

* The Honorable Stefan R. Underhill, United States District Judge for the District of Connecticut, sitting by designation.

District Judge.

## SUMMARY ORDER

Defendants–Appellants Community Action Agency of Greene County, Inc. and Edward J. Daly appeal from the November 9, 2002 judgment and award, entered after a jury trial in the United States District Court for the Northern District of New York, in favor of plaintiff Adrienne Gatti on her claim of age discrimination in violation of federal and state law. *See* 29 U.S.C. § 621 *et seq.;* N.Y. Exec. Law § 296. The jury awarded Ms. Gatti $181,761.00 upon concluding that she had been subjected to a hostile working environment, unlawfully terminated because of her age, and retaliated against for participating in activity protected under the Age Discrimination in Employment Act. The district court (Treece, *M.J.*) subsequently denied defendants' post-trial motions.

On appeal, defendants request a new trial or judgment as a matter of law on the same grounds they raised below: (1) that the judge should not have instructed the jury on a hostile work environment theory, because such a theory had not been specifically pled in the complaint; (2) that the testimony and reports of plaintiff's expert should have been entirely stricken; (3) that the damages awarded for emotional distress—$80,000—were excessive; and (4) that plaintiff's evidence was simply too weak a reed to support her claims. Plaintiff cross-appeals, asserting that the district court abused its discretion in assessing appropriate attorney's fees and in setting the pre-judgment interest rate.

With respect to defendants' claims, we affirm substantially for the reasons given by the district court in its decision denying their post-trial motions. As for plaintiff's cross appeal, we find that the court below acted within its discretion in imposing a 10 percent across-the-board reduction in trial counsel's fees to arrive at a final figure it deemed reasonable. *See Luciano v. Olsten Corp.,* 109 F.3d 111, 117 (2d Cir.1997). Likewise, it is clear from the record that the lower court affirmatively selected the federal post-judgment interest rate to calculate pre-judgment interest, and did not abuse its discretion in doing so. *See N.Y. Marine & Gen. Ins. Co. v. Tradeline (L.L.C.),* 266 F.3d 112, 130–31 (2d Cir. 2001) (applying post-judgment rate, set forth in 28 U.S.C. § 1961, to an award of pre-judgment interest). Finally, although we need not reach defendants' contention that the court should not have awarded fees to plaintiff's original counsel because it was first raised in their reply brief, we can identify no abuse of discretion in the award.

We have considered all of defendants' claims and find them meritless. We therefore AFFIRM the judgment of the district court.