■ In the Matter of DAVID GAMACHE et al., Respondents, v WILLIAM STEINHAUS et al., Appellants. [776 NYS2d 310]—

In a proceeding pursuant to CPLR article 78, inter alia, to compel the appellants to effectuate personnel appointments and salary adjustments within the Dutchess County Board of Elections, which resulted in a judgment of the Supreme Court, Dutchess County (Dillon, J.), dated February 21, 2003, the appeal is from an order of the same court entered April 17, 2003, which granted that branch of the respondents' motion which was for an attorney's fee, and fixed the attorney's fee in the principal sum of $18,396.

Ordered that on the Court's own motion, the notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, and the matter is remitted to the Supreme Court, Dutchess County, for a new determination on the motion in accordance herewith.

The two individual petitioners (hereinafter the petitioners) are members of the Dutchess County Board of Elections. In 2003, by separate counsel, the petitioners jointly commenced a proceeding against the appellants, the County of Dutchess and various elected officials therein (hereinafter collectively the County), seeking, inter alia, to compel the County to effectuate personnel appointments and salary adjustments within the Dutchess County Board of Elections. The Supreme Court found in favor of the petitioners. With respect to an award of an attorney's fee, the Supreme Court "suggest[ed] that [petitioners'] attorneys submit a proposed amount [of counsel fees] with the backup documentation . . . and the County Attorney's office would then have an opportunity to submit any opposition." Thereafter, the petitioners' attorneys each submitted brief summaries of the hours expended on the case, at the rate of $300 per hour. The total fee requested for both attorneys was $18,396. The County opposed and argued that counsel had neither demonstrated the reasonableness of the hours expended in prosecuting the case, nor the reasonableness of the $300 per hour rate. The Supreme Court granted the motion and awarded the full attorney's fee that was requested. We reverse.

As a general rule, the "reasonable hourly rate [for an attorney] should be based on the customary fee charged for similar services by lawyers in the community with like experience and of comparable reputation to those by whom the prevailing party was represented" (*Getty Petroleum Corp. v G.M. Triple S. Corp.*, 187 AD2d 483, 483-484 [1992] [internal quotation marks omitted]; *see Gutierrez v Direct Mktg. Credit Servs.*, 267 AD2d 427 [1999]; *Matter of Rahmey v Blum*, 95 AD2d 294 [1983]). Although an award of an attorney's fee is within the discretion of the court, such award must be based upon a showing of "the hours reasonably expended . . . and the prevailing hourly rate for similar legal work in the community" (*Gutierrez v Direct Mktg. Credit Servs., supra* at 428).

The petitioners' counsel failed to support their claim that $300 per hour was a reasonable hourly rate for the type of work performed on the petitioners' behalf. In fact, the only information that the Supreme Court had before it to support the reasonableness of a $300 per hour fee was the attorneys' own self-serving statements that they "regularly bill" at that rate. Thus the record was devoid of proof as to the "customary fee charged for similar services by lawyers in the community with like experience and of comparable reputation to those by whom the prevailing party was represented" (*Getty Petroleum Corp. v G.M. Triple S. Corp., supra* at 483-484 [internal quotation marks omitted]; *see Gutierrez v Direct Mktg. Credit Servs., supra*).

Furthermore, the record did not establish the reasonableness of the amount of hours which were collectively expended on this proceeding by the individual attorneys. Although both attorneys submitted brief summaries of their billable hours, they did not submit contemporaneous time sheets or otherwise adequately document how these alleged hours were accumulated (*see Becker v Empire of Am. Fed. Sav. Bank*, 177 AD2d 958 [1991]). In particular, each attorney billed separately for the preparation of a petition, even though only one petition was prepared and submitted.

Under these circumstances, the Supreme Court improvidently exercised its discretion in awarding an attorney's fee in the principal sum of $18,396. However, as it is clear that the petitioners are entitled to an attorney's fee (*see Matter of Board of Elections of County of Westchester v O'Rourke*, 210 AD2d 402 [1994]), we remit the matter to the Supreme Court, Dutchess County, for a new determination on the motion. Santucci, J.P., Florio, Schmidt and Mastro, JJ., concur.