*568 OPINION OF THE COURT
Joseph R. Cannizzaro, J.
This proceeding concerns General Business Law § 198-a, known as the “Lemon Law.” By decision and order of this court dated April 1, 2004, respondent, George Karman, as the prevailing party in this proceeding, was directed to submit an affidavit to this court on notice to petitioner detailing the attorneys’ fees he incurred in this proceeding in accordance with General Business Law § 198-a (/). Respondent submitted his papers and, therefore, now seeks an award of attorneys’ fees in the amount of $12,372.50, which is comprised of 47.3 work hours at rates ranging from $100 to $325 per hour for paralegals and counsel with various years of experience. Respondent also seeks expenses in the amount of $405.79, and statutory costs for the proceeding pursuant to CPLR 8201 (3) in the amount of $300, for a total award of $13,078.29. Petitioner objects to any award for attorneys’ fees or expenses being made to respondent, or, alternatively, contends that the award requested should be substantially reduced.
This court has already determined in its April 1, 2004 decision and order that respondent is entitled to an award of attorneys’ fees. Thus, the only issue that must be determined here is the amount of that award. To this end, respondent contends and neither petitioner nor the court disputes that New York law requires the use of the “lodestar” calculation in determining the award of attorneys’ fees respondent is entitled to under the Lemon Law. (See generally Matter of Rahmey v Blum, 95 AD2d 294 [2d Dept 1983].) The lodestar calculation requires that the number of hours reasonably expended in prosecuting the matter be multiplied by a reasonable hourly rate and then the cost of reasonable expenses is added to that number. (Id.) As a general rule, the reasonable hourly rate is based on the customary fee charged for similar services by lawyers in the community with like experience and of comparable reputation to those by whom the prevailing party was represented. (Id.; see also Blum v Stenson, 465 US 886, 896 n 11 [1984]; Gamache v Steinhaus, 7 AD3d 525 [2d Dept 2004]; Gutierrez v Direct Mktg. Credit Servs., 267 AD2d 427 [2d Dept 1999].) The burden is on the fee applicant to establish the hours reasonably expended by counsel and the prevailing hourly rate for the work performed. (Gutierrez v Direct Mktg. Credit Servs., supra.) If warranted, the court may adjust the basic lodestar amount upward or downward in consideration of the unique *569 factors of the case. (Rahmey v Blum, supra; Podhorecki v Lauer’s Furniture Stores, 201 AD2d 947 [4th Dept 1994].)
Respondent contends that the time expended by his counsel was reasonable and not excessive, redundant or otherwise unnecessary, and that the hourly rates requested are reasonable in light of the prevailing rates in the community for similar services and the experience, skill and reputation of his counsel. In fact, respondent contends that the hourly rates requested by his counsel are consistent with the rates used by courts in other southern New York counties, as well as the Laffey Matrix, which is a listing of hourly rates found to be reasonable by the Civil Division of the United States Attorney’s Office for the District of Columbia, that is based on the number of years an attorney has been practicing. Therefore, in regard to the attorneys and paralegals who worked on this matter, respondent contends that they are entitled to fees as follows: $325 per hour for attorney Douglas Hirsch who has over 10 years’ experience; $275 per hour for attorneys Dennis Hirsch and Mitchell Taras who have over five years’ experience; $225 per hour for attorney Francis Bigelow who has about four years’ experience; and $100 per hour for paralegals Pat Heaney and Michael Crespo. Respondent contends that the amount he requests for attorneys’ fees, as well as statutory costs and expenses, should be granted in its entirety.
In opposition, petitioner contends that respondent has failed to submit sufficient and proper proof of the work performed by his counsel and paralegals and the prevailing rate for similar services rendered by lawyers of reasonably comparable skill, experience and reputation in Albany County. In fact, petitioner takes issue with practically every work entry respondent’s counsel and paralegals have set forth in their time records. More particularly, petitioner contends that the hourly rates respondent seeks are excessive and not commensurate with the Albany County market. Petitioner contends that the Laffey Matrix consists of reasonable hourly rates for civil actions commenced in federal court in Washington, D.C., and not a court in Albany County, New York, which is the only relevant market the court should look to here to determine the fee award. Petitioner also contends that the amounts billed by respondent’s counsel must be reduced because counsel improperly billed for secretarial and excessive work, as well as for time spent on a separate proceeding commenced by respondent in Rockland County to confirm the arbitration award that was discontinued *570 in view of the fact that petitioner had commenced the instant matter to vacate the arbitration award in Albany County.
Based on petitioner’s research of the Albany County market concerning rates charged for similar services, petitioner contends that respondent’s counsel and paralegals should be paid as follows: $175 per hour for attorney Douglas Hirsch; $125 per hour for attorneys Dennis Hirsch and Mitchell Taras; $100 per hour for attorney Francis Bigelow; and $65 per hour for paralegals Pat Heaney and Michael Crespo. Petitioner’s counsel submits an altered time record to reflect what he thinks is the reasonable amount of time and the reasonable compensation for the work that was performed by respondent’s counsel and paralegals. As a result, petitioner contends that, based on fees appropriate for the Albany County market and altered time entries, respondent is entitled to a fee award of only $3,227. Petitioner contends further that respondent is not entitled to an award of expenses since General Business Law § 198-a does not provide for the recovery of costs in addition to fees and respondent has offered no receipts to support any expenses.
The court recognizes that counsel for respondent could have pursued the proceeding that was commenced in Rockland County, which would have been more costly for both parties in view of the fact that the issue of venue could have had to be determined if respondent hadn’t agreed to discontinue that proceeding and conceded to venue in Albany County, due to the commencement of this proceeding by petitioner. However, the fact that respondent agreed to pursue the matter in Albany County doesn’t mandate that respondent’s counsel be awarded attorneys’ fees as would be typically charged or could have been awarded in downstate counties or in Washington, D.C., for that matter. The fact remains that this proceeding was litigated in Albany County, which is in the Northern District, and, therefore, the rates for attorney services that would be charged in this community must apply. (See e.g. Arbor Hill Concerned Citizens Neighborhood Assn. v County of Albany, 369 F3d 91 [2d Cir 2004].)
In Arbor Hill, the Court of Appeals for the Second Circuit stated that “[w]hen the district court is presented with a fee application for representation in that court, the relevant community for calculation of the hourly rate component of the lodestar is usually the forum district.” (Arbor Hill Concerned Citizens Neighborhood Assn. v County of Albany, supra at 96.)
The Court of Appeals went on to state that “[w]e and other circuits have strayed from this rule only in the rare case where *571 the ‘special expertise’ of non-local counsel was essential to the case, [or] it was clearly shown that local counsel was unwilling to take the case, or other special circumstances existed.” (Arbor Hill Concerned Citizens Neighborhood Assn, v County of Albany, supra at 96.)
Guided by Arbor Hill, the court notes that there has been no demonstration here by respondent’s counsel that local counsel was not competent to handle the instant proceeding for respondent or would not take the case or that any other special circumstances existed that would permit this court to allow the hourly rate component of the lodestar to be based on a community other than the community where this proceeding was litigated. Thus, since respondent has not met this burden of proof or offered any meaningful data on what fees are charged in this area in comparable circumstances, the court is required to turn to case law to determine what hourly rates are reasonable in this community.
In this regard, in view of the dearth of case law and consistent results in the Third Department pertaining to the issue of reasonable rates for attorneys’ fees under a fee shifting statute, the court is further guided by case law from the Second Circuit, and more particularly, the Northern District of New York. The court notes that such case law reveals that the prevailing rate here for experienced attorneys with numerous years of practice is $175 per hour, $125 for attorneys with four or more years of experience, $100 for attorneys with less than four years’ experience and $65 per hour for work done by paralegals. (See New York State Teamsters Conference Pension & Retirement Fund v United Parcel Serv., Inc., 2004 WL 437474, 2004 US Dist LEXIS 3062 [ND NY, Feb. 27, 2004]; DiSorbo v City of Schenectady, 2004 WL 115009, 2003 US Dist LEXIS 24049 [ND NY, Jan. 9, 2004]; Gatti v Community Action Agency of Greene County, Inc., 263 F Supp 2d 496, 515-516 [2d Cir, ND NY 2003], affd 86 Fed Appx 478 [2d Cir 2004].) Based upon this record, the court sees no reason to adjust the prevailing rates. Indeed, no compelling reason has been offered to increase or decrease the prevailing rates. Therefore, the court will use these prevailing hourly rates in calculating an award of attorneys’ fees.
The next issue that must be addressed is whether counsel’s time records and supporting affirmations are sufficient to determine the number of hours reasonably expended in prosecuting the matter on behalf of respondent. See generally Rahmey v Blum (supra at 300-301) and New York State Assn. for *572 Retarded Children, Inc. v Carey (711 F2d 1136, 1147-1148 [2d Cir 1983]), which state that an application for attorneys’ fees must be supported by detailed, contemporaneous time records indicating the attorney who performed the work, the date, the hours expended and the nature of the work done. In examining the entirety of respondent’s submissions, the court finds that respondent’s counsel have adequately documented both the number of hours spent on the matter and the nature of the work performed during each of those hours. (DiSorbo v City of Schenectady, supra.) On the other hand, the court also finds merit to petitioner’s objections that certain work performed was secretarial in nature, excessive or performed in regard to the Rockland County proceeding that was discontinued. However, instead of picking apart counsel’s time entries to address petitioner’s objections, the court finds in its discretion that the better and more expedient solution is to reduce the final award or lodestar by 10%. (See e.g. Gatti v Community Action Agency of Greene County, Inc., 263 F Supp 2d at 518-519.) This reduction takes into consideration all of petitioner’s objections as well as recognizes that “in judging the reasonableness of an attorney’s investment of time, the court necessarily indulges in a degree of retrospective second-guessing which can be quite unfair.” (See Smith v Wettenstin, 2003 WL 22966281, *4, 2003 US Dist LEXIS 22649, *12 [SD NY, Dec. 16, 2003].) In addition, the court finds that the reduction is also warranted in view of the fact that respondent’s counsel has significant experience with Lemon Law litigation and has been able to streamline its representation of respondent by using the same form memoranda in opposing the petition to vacate the arbitration award and in support of its fee application that have been used in their other similar cases presented to this very court, a fact which is not reflected in counsel’s time records. (See e.g. Hall v American Honda Motor Co., Inc., 1997 WL 732458, 1997 US Dist LEXIS 18544 [ED Pa, Nov. 24, 1997]; see also Rahmey v Blum, supra at 303-304.)
Consequently, based on the foregoing, the court calculates the lodestar as follows: 4.1 hours are billable at $175 per hour for the work of attorney Douglas Hirsch which results in fees of $717.50; 35.4 hours, plus 3 additional hours for the preparation of reply papers in support of this application, are billable at $125 per hour for the work of attorneys Dennis Hirsch and Mitchell Taras which results in fees of $4,800; 4.2 hours are billable at $100 per hour for the work of attorney Francis Big *573 elow which results in fees of $420; and 3.6 hours are billable at $65 per hour for the work of paralegals Pat Heaney and Michael Crespo which results in fees of $234. These fees combined equal $6,171.50. After the court makes the 10% reduction, respondent’s total attorneys’ fee award is $5,554.35.
In regard to other costs, the court awards respondent statutory costs for the proceeding pursuant to CPLR 8201 (3) in the amount of $300. However, to the extent that respondent also seeks expenses in the amount of $405.79, the court notes that these expenses pertained to “Service Fees” for the Rockland County proceeding that was discontinued and for Federal Express mailings that are not substantiated by any receipts. Therefore, the court does not award respondent these expenses.
Accordingly, respondent’s application for attorneys’ fees, costs and expenses is granted to the extent that respondent is awarded $5,554.35 for attorneys’ fees, plus statutory costs in the amount of $300 for a total award of $5,854.35, and respondent shall have judgment therefore.