■ SALERNO PAINTING & COATING CORP., Respondent, v NATIONAL NEUROLABS, INC., Appellant. [842 NYS2d 81]—

In an action to foreclose a mechanics lien, the defendant ap-

peals (1) from stated portions of an amended order of the Supreme Court, Westchester County (Coppola, J.H.O.), dated October 17, 2006, and (2) from so much of a judgment of the same court dated October 24, 2006, as after a nonjury trial, and upon the amended order, awarded the plaintiff prejudgment interest in the sum of $2,205.

Ordered that the appeal from the amended order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the amended order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the amended order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

Contrary to the plaintiff's contention, a lien foreclosure action is an equitable action (*see Matter of Brescia Constr. Co. v Walart Constr. Co.*, 264 NY 260 [1934]) and notwithstanding that money was paid into court to discharge the lien as of record, the action to enforce the lien remains equitable, not legal, in nature (*see Tri-City Elec. Co. v People*, 96 AD2d 146, 149 [1983], *affd* 63 NY2d 969 [1984]).

An award of interest in an equitable action is within the court's discretion (*see Gross v Sandow*, 5 AD3d 901, 903 [2004]; *Liberatore v Olivieri Dev.*, 294 AD2d 894 [2002]; *Donati v Marinelli Constr. Corp.*, 247 AD2d 423, 425 [1998]; CPLR 5001) and intended to make the aggrieved party whole (*see Spodek v Park Prop. Dev. Assoc.*, 279 AD2d 467, 468 [2001], *affd* 96 NY2d 577 [2001]). The Supreme Court did not improvidently exercise its discretion in awarding the plaintiff prejudgment interest. Schmidt, J.P., Rivera, Krausman and Florio, JJ., concur.