■ ASHRAFF ALI, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant, et al., Defendant. [847 NYS2d 483]—In an ac-

tion to recover damages for personal injuries, the defendant New York City Transit Authority appeals from a judgment of the Supreme Court, Kings County (Schack, J.), dated July 17, 2006, which, upon a jury verdict on the issue of liability finding it 100% at fault in the happening of the accident, and a jury verdict on the issue of damages finding that the plaintiff sustained damages in the sums of $950,000 for past pain and suffering, $700,000 for future pain and suffering, $2,427,680.50 for future supervised home care, $542,895.16 for future rehabilitation services, $450,000 for future medical expenses, and $68,500 for past medical expenses, is in favor of the plaintiff and against it.

Ordered that the judgment is modified, on the facts and in the exercise of discretion, by deleting the provisions thereof awarding damages in the sums of $950,000 for past pain and suffering and $700,000 for future pain and suffering, and granting a new trial with respect thereto; as so modified, the judgment is affirmed, with costs to the defendant New York City Transit Authority, unless within 30 days after service upon the plaintiff of a copy of this decision and order, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for past pain and suffering from the sum of $950,000 to the sum of $400,000, and for future pain and suffering from the sum of $700,000 to the sum of $200,000, and to the entry of an amended judgment accordingly; in the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

Contrary to the appellant's contention, the Supreme Court properly instructed the jury on the doctrine of res ipsa loquitur (*see Kambat v St. Francis Hosp.*, 89 NY2d 489, 494 [1997]; *Ebanks v New York City Tr. Auth.*, 70 NY2d 621, 623 [1987]; *Dermatossian v New York City Tr. Auth.*, 67 NY2d 219, 226-227 [1986]; *Banca Di Roma v Mutual of Am. Life Ins. Co., Inc.*, 17 AD3d 119, 120-121 [2005]; *cf. Rondeau v Georgia Pac. Corp.*, 29 AD3d 1066, 1069 [2006]).

Contrary to the appellant's contention, the conduct of the trial court did not deny it a fair trial (*see Malaty v North Ark. Wholesale Co.*, 305 AD2d 556 [2003]), or influence the outcome.

The awards for past and future pain and suffering, to the extent indicated herein, deviate materially from what would be reasonable compensation under the circumstances (*see* CPLR 5501).

The appellant's remaining contentions either are unpreserved for appellate review, are without merit, or do not require

reversal. Crane, J.P., Rivera, Angiolillo and Dickerson, JJ., concur.