Amended judgment, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered June 11, 2008, after a nonjury trial in an action to foreclose a mechanic’s lien, awarding plaintiff $37,528.37, inclusive of interest, costs and disbursements, unanimously affirmed, without costs. Appeals from original judgment, same court and Justice, entered on or about July 25, 2007, and from order, same court and Justice, entered January 8, 2008, which, inter alia, granted defendant’s motion to vacate the original judgment to the extent of eliminating the award of prejudgment interest, unanimously dismissed, without costs, as subsumed in the appeal from the amended judgment.
*506 Although the expert named in the plaintiffs CPLR 3101 (d) notice to testify as to the “measurements and quality of work completed” was not the expert who testified at trial, the latter was properly permitted to testify where the notice advised that another representative of the named expert’s construction company might be called, and defendants were on notice of the subject matter and substance of the expert’s testimony well in advance of trial (cf. Hernandez v Vavra, 62 AD3d 616, 617 [2009]; Aponte v City of New York, 282 AD2d 372 [2001], lv denied 96 NY2d 720 [2001]). The expert’s opinion, which was based on information provided by both plaintiff and defendants, his own inspection of the premises and a review of the floor plans, was not speculative (see Concord Vil. Owners, Inc. v Trinity Communications Corp., 61 AD3d 410, 411 [2009]). The trial court’s findings of fact, which, given a contract that was oral, are largely based on witness credibility, are sufficiently stated (CPLR 4213 [b]) and supported by a fair interpretation of the evidence (see Thoreson v Penthouse Intl., 80 NY2d 490, 495 [1992]), including, in particular, the finding that plaintiff did not willfully exaggerate its mechanic’s lien within the meaning of Lien Law § 39 (cf. Strongback Corp. v N.E.D. Cambridge Ave. Dev. Corp., 25 AD3d 392, 393-394 [2006]). The trial court’s decision, upon reconsideration, that it should not have awarded predecision interest was a proper exercise of discretion (CPLR 5001 [a]; see Salerno Painting & Coating Corp. v National Neurolabs, Inc., 43 AD3d 1140, 1141 [2007]), where the amount awarded was substantially less than the amount claimed and it does not appear that defendant contributed to the delay in the resolution of this matter. So too was the court’s decision, upon reconsideration, that there should be no award of interest for the five-month period between its decision and the entry of the original judgment, where plaintiff delayed four months in submitting a proposed judgment for settlement (see 22 NYCRR 202.48). We have considered the parties’ other arguments and find them unavailing. Concur—Gonzalez, P.J., Friedman, Moskowitz, Renwick and DeGrasse, JJ.