■ MICHAEL FRIEDMAN, Respondent, v PETER R. MIALE, JR., Appellant. [892 NYS2d 545]—

In 1974, the plaintiff was hired by the defendant, who was then his brother-in-law, to sell plastic flower pots manufactured by Astor Tool and Die, Inc. (hereinafter Astor), the defendant's family business which the defendant had taken over. The plaintiff commenced this action against the defendant seeking, inter alia, specific performance of a contract to convey an interest in certain real property and to recover on a promissory note. He alleged, inter alia, that pursuant to an oral agreement and a written letter agreement dated August 24, 1994, the defendant promised to convey to the plaintiff a one-third interest in property located at 79 Quay Street, Brooklyn, where Astor had operated since 1984.

"In reviewing a determination made after a nonjury trial, the power of the Appellate Division is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account in a close case that the trial judge had the advantage of seeing the witnesses" (*Pro-Health Care Assoc., LLP v Shapiro*, 46 AD3d 792, 793 [2007]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]). Contrary to the defendant's contention, the Supreme Court properly determined that the agreement to convey to the plaintiff a one-third interest in the property located at 79 Quay Street was supported by valid consideration. This determination is supported by the plaintiff's testimony and should not be disturbed (*see Healy v Williams*, 30 AD3d 466, 468 [2006]). The plaintiff testified that, in June 1994, he and the defendant made an oral agreement that the plaintiff would be granted a one-third interest in the Quay Street property, based on the additional responsibilities that would be

placed on the plaintiff, as the defendant was traveling more and was spending less time in the factory. Furthermore, the letter agreement dated August 24, 1994, which memorialized the oral agreement to convey to the plaintiff a one-third interest in the Quay Street property, constitutes a binding contract based upon valid past consideration, since it is written, signed by the promisor, and sufficiently expresses the partial consideration which the plaintiff provided in exchange for the promised conveyance (see General Obligations Law § 5-1105; *Kreuter v Tsucalas*, 287 AD2d 50, 54 [2001]). Accordingly, the Supreme Court properly directed specific performance of the contract to convey to the plaintiff a one-third interest in the Quay Street property.

The Supreme Court did not improvidently exercise its discretion in awarding the plaintiff prejudgment interest (see CPLR 5001 [a]; *Salerno Painting & Coating Corp. v National Neurolabs, Inc.*, 43 AD3d 1140, 1141 [2007]; *Liberatore v Olivieri Dev.*, 294 AD2d 894, 895 [2002]). Further, the Supreme Court properly calculated prejudgment interest on the unpaid interest and principal of a promissory note executed by the defendant in favor of the plaintiff (see *Spodek v Park Prop. Dev. Assoc.*, 96 NY2d 577 [2001]).

However, the evidence in the record does not support the Supreme Court's award of damages calculated from August 24, 1994, until the date of the entry of the judgment, July 16, 2008, in the total principal sum of $55,000, allegedly representing the plaintiff's share of the net profits received from the Quay Street property (see *Dental Health Assoc. v Zangeneh*, 34 AD3d 622, 625 [2006]). The plaintiff failed to demonstrate exactly how much rent the defendant received from the Quay Street property since August 24, 1994, and did not present any evidence as to the amount of the defendant's expenses for maintaining the property. Therefore, the plaintiff failed to meet his burden of demonstrating net profit damages.

Pursuant to the terms of the promissory note, the plaintiff was entitled to a reasonable attorney's fee incurred in collecting the indebtedness due under the note. However, the affidavits submitted by the plaintiff did not establish the reasonableness of the amount of hours which were collectively expended by the plaintiff's attorneys on the portion of this action which was to recover on the promissory note (see *Matter of Gamache v Steinhaus*, 7 AD3d 525, 527 [2004]; *Gutierrez v Direct Mktg. Credit Servs.*, 267 AD2d 427, 428 [1999]; *Matter of Rahmey v Blum*, 95 AD2d 294, 305 [1983]). Further, the record was devoid of proof as to the "customary fee charged for similar services by lawyers in the community with like experience and of comparable repu-

tation to those by whom the prevailing party was represented" (*Getty Petroleum Corp. v G.M. Triple S. Corp.*, 187 AD2d 483, 483-484 [1992] [internal quotation marks omitted]; *see Matter of Gamache v Steinhaus*, 7 AD3d at 527). Consequently, it is not clear whether the attorney's fee awarded to the plaintiff in the sum of $20,000 was reasonable. Since the plaintiff is entitled to an award of an attorney's fee, we remit the matter to the Supreme Court, Kings County, for a hearing and new determination on the issue of the amount to be awarded for an attorney's fee, and for the entry of an appropriate amended judgment thereafter (*see Cutter Bayview Cleaners, Inc. v Spotless Shirts, Inc.*, 57 AD3d 708, 710 [2008]).

Contrary to the defendant's contention, the conduct of the Supreme Court did not deprive him of a fair trial (*see Ali v New York City Tr. Auth.*, 46 AD3d 718, 719 [2007]).

The defendant's remaining contentions are not properly before this Court since they were raised for the first time in his reply brief (*see Levinsky v Mugermin*, 52 AD3d 477 [2008]). Skelos, J.P., Dickerson, Lott and Roman, JJ., concur.