■ KAYGREEN REALTY Co., LLC, Respondent, v IG SECOND GENERATION PARTNERS, L.P., et al., Appellants. [913 NYS2d 663]—

In an action for a judgment declaring, inter alia, that the plaintiff is not in default of its obligations under a certain lease, the defendants appeal from (1) an order of the Supreme Court, Queens County (Kitzes, J.), dated April 17, 2009, which granted the plaintiff's motion for an award of an attorney's fee pursuant to 22 NYCRR 130-1.1 and set the matter down for a hearing on the amount of such fee, and (2) a judgment of the same court entered December 18, 2009, which, upon, inter alia, the order dated April 17, 2009, and after a hearing, is in favor of the plaintiff and against them in the principal sum of $139,857.75 as an attorney's fee.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is reversed, on the law and the facts, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a new hearing, if

necessary, on the amount to be awarded as an attorney's fee and for a new determination of that issue, and for the entry of an appropriate amended judgment thereafter.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

By notice and demand dated March 13, 2003, and notice of default dated April 4, 2003, IG Second Generation Partners, L.P., and 1 BLDG Co., Inc. (hereinafter the Landlords), advised Kaygreen Realty, LLC (hereinafter Kaygreen), that it was in default of a lease dated February 11, 1948 (hereinafter the Lease). Thereafter, Kaygreen commenced this action seeking a judgment declaring that it was not in default of the Lease. After a trial, the Supreme Court determined that Kaygreen was not in default of the Lease as claimed by the Landlords in the notice and demand and notice of default. By decision and order dated December 15, 2009, this Court affirmed the judgment (*see Kaygreen Realty Co. v IG Second Generation Partners, L.P.*, 68 AD3d 933, 934-935 [2009]).

Subsequently, Kaygreen moved pursuant to 22 NYCRR 130-1.1 for an award of an attorney's fee, arguing that the Landlords engaged in frivolous conduct in proceeding with the action even though they were aware through discovery that the alleged defaults in the notice of default dated April 3, 2003, were either cured or were not defaults under the Lease.

Conduct is frivolous under 22 NYCRR 130-1.1 if it is "completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law" or it is "undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another" (22 NYCRR 130-1.1 [c] [1], [2]; *see Mascia v Maresco*, 39 AD3d 504, 505 [2007]; *Greene v Doral Conference Ctr. Assoc.*, 18 AD3d 429, 431 [2005]). Making colorable claims may constitute frivolous conduct if the primary purpose is to delay or prolong the resolution of the litigation, or to harass or maliciously injure the other party (*see Ofman v Campos*, 12 AD3d 581, 582 [2004]; *Tyree Bros. Envtl. Servs. v Ferguson Propeller*, 247 AD2d 376, 377 [1998]; *Matter of Gordon v Marrone*, 202 AD2d 104, 109-110 [1994]). Under the circumstances, the Supreme Court providently exercised its discretion in determining that the Landlords' conduct was frivolous since they continued to pursue their claims that Kaygreen was in

default well after it was apparent or should have been apparent that those claims lacked merit (*see* 22 NYCRR 130-1.1 [c] [1]). In any event, the Landlords' conduct appears to have been primarily intended to harass Kaygreen (*see Matter of Ferraro v Gordon*, 1 AD3d 595, 598 [2003]; *Matter of Gordon v Marrone*, 202 AD2d at 104).

The Supreme Court determined that Kaygreen would be entitled to a reasonable attorney's fee based on its preparation for and participation in the trials in this action. Kaygreen, however, did not meet its burden of establishing the reasonableness of the amount of hours which were collectively expended by its attorneys in connection with the trials (*see Matter of Gamache v Steinhaus*, 7 AD3d 525, 527 [2004]; *Gutierrez v Direct Mktg. Credit Servs.*, 267 AD2d 427, 428 [1999]; *Matter of Rahmey v Blum*, 95 AD2d 294, 300-301 [1983]). Additionally, there was no evidence as to the "customary fee charged for similar services by lawyers in the community with like experience and of comparable reputation to those by whom the prevailing party was represented" (*Getty Petroleum Corp. v G.M. Triple S. Corp.*, 187 AD2d 483, 483-484 [1992]; *see Friedman v Miale*, 69 AD3d 789, 791-792 [2010]; *Matter of Gamache v Steinhaus*, 7 AD3d at 527). Since Kaygreen is entitled to an award of an attorney's fee, we remit the matter to the Supreme Court, Queens County, for a new determination on the issue of the amount of an attorney's fee, following a new hearing, if necessary, and for the entry of an appropriate amended judgment thereafter (*see Friedman v Miale*, 69 AD3d at 792; *Matter of Gamache v Steinhaus*, 7 AD3d at 527).

The Landlords' remaining contentions are without merit. Dillon, J.P., Santucci, Dickerson and Chambers, JJ., concur.