On May 17, 2011, the plaintiffs, NYCTL 1996-1 Trust and the Bank of New York, as collateral agent and custodian for the NYCTL 1996-1 Trust, commenced this action to foreclose on a tax lien on premises owned by the defendant Stavrinos Realty Corp. (hereinafter the respondent). The tax lien certificate, dated May 21, 1996, indicated that the principal balance of the lien was $49,426.81. On June 6, 2005, the parties entered into a stipulation of settlement, so-ordered by the Supreme Court, pursuant to which the respondent withdrew its answer and affirmative defenses with prejudice, and waived any and all defenses to the action. The stipulation of settlement provided, inter *603 alia, that after the respondent made an initial payment of $9,134.04, the plaintiffs would provide the respondent “with revised payoff figures good through August 1, 2005, representing the amount due and owing under the tax lien certificate plus attorneys fees and costs.”
On July 8, 2005, the plaintiffs provided the respondent with a payoff letter indicating that, pursuant to the terms of the stipulation of settlement, the sum due on the lien, as of August 1, 2005, was $180,314.01. The respondent moved to vacate the stipulation of settlement, and the court denied the motion. Upon the consent of the parties, the matter was referred to a Judicial Hearing Officer (hereinafter JHO) to hear and report on the amount owed by the respondent to the plaintiffs in accordance with the stipulation of settlement dated June 6, 2005.
At a hearing held before the JHO on November 19, 2007, a witness for the plaintiffs testified that the effective date of the lien was May 21, 1996, and pursuant to the parties’ stipulation of settlement, the principal sum due on the lien, as of that date, was $30,100.68. The witness further testified that, under the New York City tax lien law, the interest on the lien was 18%, compounded daily so that the total amount of interest due on the lien, calculated from May 21, 1996, through November 19, 2007, was $208,497.41. Additionally, the witness testified that the total sum spent on legal fees by the previous lien servicer was $24,064.69, and the sum spent on legal fees by the current lien servicer was $2,758.56.
Prior to issuing a decision, the JHO became ill and the matter was assigned to a Court Attorney Referee (hereinafter the Referee). The parties waived a new hearing and stipulated that the Referee would base his decision upon the transcript, pleadings, and post-hearing memoranda submitted to the JHO. In a report dated January 12, 2008, the Referee determined that the sum due on the tax lien was $30,100.68, together with interest, payable at the rate of 18% compounded daily, from June 6, 2005, the date of the stipulation of settlement, through November 19, 2007, the date of the hearing. The Referee also denied the plaintiffs’ request for attorney’s fees, finding that the plaintiffs failed to establish, by credible testimony or documentary evidence, a factual basis for awarding attorney’s fees in the sum of $26,823.25. The Referee directed the plaintiff to settle judgment.
The plaintiffs moved pursuant to RPAPL 1351 for a judgment of foreclosure and sale. In a judgment of foreclosure and sale dated October 14, 2011, the Supreme Court awarded the plaintiffs $30,100.68, on the tax lien, together with interest, *604 payable at the rate of 18% compounded daily, from June 6, 2005, the date of the stipulation of settlement, through November 19, 2007, in accordance with the Referee’s finding, and awarded the plaintiffs $2,500 in attorney’s fees.
The Supreme Court improperly awarded the plaintiffs interest only for the period of June 6, 2005, through November 19, 2007, in accordance with the Referee’s determination. “The Commissioner of Finance is required to ‘charge, receive and collect interest’ on unpaid real estate taxes and the Commissioner does not have any discretion to reduce the interest rate” (Matter of Maspeth 5718 Assoc. v City of New York, 292 AD2d 453, 454 [2002], quoting Administrative Code of City of NY § 11-224 [f]; see Administrative Code §§ 11-224 [g]; 11-302). “In addition, where, as here, the tax lien is sold, the purchaser stands in the same position as the City and has all the rights and remedies that the City would have had if the lien had not been sold” (Matter of Maspeth 5718 Assoc. v City of New York, 292 AD2d at 454, citing Administrative Code §§ 11-319, 11-332 [a]). Since interest began accruing on the lien on the date that the tax lien certificate was filed, under the relevant provisions of the Administrative Code, the plaintiffs were entitled to collect interest on the lien from May 21, 1996, through November 19, 2007.
However, the plaintiffs’ request for attorney’s fees in the amount of $26,823.25 was properly denied. While “[a] plaintiff in an action to foreclose a tax lien shall recover reasonable attorney’s fees for maintaining such action” (Administrative Code § 11-335), it is incumbent upon the plaintiffs to provide the court with sufficient information upon which to determine the reasonable value of the legal services rendered (see NYCTL 1998-1 Trust v Oneg Shabbos, Inc., 37 AD3d 789, 791 [2007]). In this regard, there “must be a sufficient affidavit of services, detailing ‘the hours reasonably expended . . . and the prevailing hourly rate for similar legal work in the community’ ” (SO/Bluestar, LLC v Canarsie Hotel Corp., 33 AD3d 986, 988 [2006], quoting Matter of Gamache v Steinhaus, 7 AD3d 525, 527 [2004]).
Here, the sole evidence adduced at the hearing with regard to attorney’s fees was the testimony of an employee of the tax lien servicer. The employee testified merely as to the amounts that were paid to counsel. No affidavit was submitted by counsel as to what services were actually provided. Moreover, the plaintiffs presented no evidence at the hearing as to the “customary fee charged for similar services by lawyers in the community with like experience and of comparable reputation to those by whom the prevailing party was represented” (Getty Petroleum Corp. v *605 G.M. Triple S. Corp., 187 AD2d 483, 483-484 [1992] [internal quotation marks omitted]; see Kaygreen Realty Co., LLC v IG Second Generation Partners, L.P., 78 AD3d 1008, 1010 [2010]). A full hearing was conducted on all issues, including the appropriate attorney’s fees to be awarded (see Friedman v Miale, 69 AD3d 789, 792 [2010]; SO/Bluestar, LLC v Canarsie Hotel Corp., 33 AD3d at 988; Matter of Gamache v Steinhaus, 7 AD3d at 527). On the record presented, the Supreme Court properly found that $2,500 was a reasonable attorney’s fee. Balkin, J.P., Lott, Austin and Miller, JJ., concur.