In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (F. Rivera, J.), dated November 20, 2015, which, in effect, granted that branch of the cross motion of the defendants 1828 51, LLC, and Yitzchok Kaufman which was for an award of an attorney’s fee pursuant to 22 NYCRR 130-1.1 to the extent of awarding an attorney’s fee in the sum of $5,000.
 

 Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof awarding an attorney’s fee in the sum of $5,000; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, to afford the parties an opportunity to submit evidence on the issue of the amount to be awarded for an attorney’s fee, and for a new determination on that issue thereafter.
 

 The plaintiff commenced this action to foreclose a mortgage against, among others, the defendants 1828 51, LLC, and Yitzchok Kaufman (hereinafter together the defendants). The defendants interposed an answer to the complaint. The plaintiff subsequently moved for an order of reference, alleging that the defendants had defaulted in answering the complaint or appearing in the action. While that motion was pending, the Supreme Court issued an order pursuant to CPLR 3216 conditionally dismissing the action unless the plaintiff filed a note of issue or moved for entry of judgment within 90 days. The court then denied the plaintiff’s motion for an order of reference with leave to renew based upon a defect in the motion papers. The action was subsequently administratively dismissed pursuant to the conditional order of dismissal.
 

 Thereafter, the plaintiff moved to vacate the dismissal and restore the action to the active calendar and to renew its motion for an order of reference. The motion was again premised upon the defendants’ purported default in answering the complaint or appearing in the action. The defendants’ new counsel opposed the motion, in part, on the ground that the defendants had served an answer to the complaint. A copy of the defendants’ answer was annexed as an exhibit to the opposition papers. The Supreme Court denied the motion without prejudice based upon the plaintiff’s failure to submit a copy of the order which conditionally dismissed the action.
 

 The plaintiff then renewed both its motion to vacate the dismissal and restore the action to the active calendar and its motion for an order of reference based upon the defendants’ purported default in answering. The defendants cross-moved for the imposition of sanctions, costs, and an attorney’s fee upon the plaintiff pursuant to 22 NYCRR 130-1.1 based upon the plaintiff’s renewal of its motion for an order of reference despite being aware that the defendants had interposed an answer in the action and were not in default.
 

 On the return date of the motion and cross motion, at oral argument, the plaintiff’s counsel advised the Supreme Court that the plaintiff had withdrawn its motion. The plaintiff’s counsel maintained that his office had not been aware of the defendants’ answer until the cross motion was made, although he acknowledged that the address to which the defendants’ prior counsel had mailed the answer was the correct address. The plaintiff’s counsel also stated that the plaintiff had only renewed its motion to vacate the dismissal and restore the action, and had not renewed its motion for an order of reference. The defendants’ counsel clarified that the plaintiff had also renewed its motion for an order of reference. The court reviewed the relief sought in the plaintiff’s notice of motion, and ascertained that the plaintiff had, in fact, renewed its motion for an order of reference. The plaintiff’s counsel then stated that he had been “mistaken” in his representation to the court to the contrary. The court then found that the conduct of the plaintiff’s counsel was frivolous, and, in effect, granted that branch of the defendants’ cross motion which was for an award of an attorney’s fee to the extent of awarding an attorney’s fee in the sum of $5,000. The plaintiff appeals.
 

 “The court, in its discretion, may award to any party or attorney in any civil action or proceeding before the court, except where prohibited by law, costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney’s fees, resulting from frivolous conduct” (22 NYCRR 130-1.1 [a]; see Weissman v Weissman, 116 AD3d 848, 849 [2014]). Conduct is frivolous if, among other things, “it asserts material factual statements that are false” (22 NYCRR 130-1.1 [c] [3]).
 

 Here, the record demonstrates that the Supreme Court providently exercised its discretion in finding that the plaintiff’s counsel acted frivolously in renewing the motion for an order of reference premised upon the defendants’ default in answering or appearing despite being on notice, based upon prior motion practice, that an answer had been interposed on behalf of the defendants. In addition, counsel’s misrepresentation to the court of the nature of the relief sought in its renewed motion warranted the award of an attorney’s fee to the defendants pursuant to 22 NYCRR 130-1.1 (see Duncan v Popoli, 105 AD3d 803, 804 [2013]; Schwab v Phillips, 78 AD3d 1036, 1036 [2010]). Thus, the court properly stated the basis of its determination that the plaintiff’s counsel engaged in frivolous conduct in accordance with 22 NYCRR 130-1.2.
 

 However, there is no evidence in the record establishing the amount of hours which were expended by the defendants’ attorneys as a result of the plaintiff’s frivolous conduct, the reasonableness of that amount, or the “customary fee charged for similar services by lawyers in the community with like experience and of comparable reputation” (Kaygreen Realty Co., LLC v IG Second Generation Partners, L.P., 78 AD3d 1008, 1010 [2010], quoting Getty Petroleum Corp. v G.M. Triple S. Corp., 187 AD2d 483, 484-484 [1992]; see Friedman v Miale, 69 AD3d 789, 791-792 [2010]; Matter of Gamache v Steinhaus, 7 AD3d 525, 527 [2004]). Since the defendants, are entitled to an award of an attorney’s fee, we remit the matter to the Supreme Court, Kings County, to afford the parties an opportunity to submit evidence on the issue of the amount to be awarded, and for a new determination on that issue thereafter (see Kaygreen Realty Co., LLC v IG Second Generation Partners, L.P., 78 AD3d at 1010; Friedman v Miale, 69 AD3d at 792; Matter of Gamache v Steinhaus, 7 AD3d at 527).
 

 Eng, P.J., Leventhal, Austin and Cohen, JJ., concur.