FRENCHMAN & SWEET, INC., Respondent-Appellant, v. PHILCO DISCOUNT CORPORATION, Appellant-Respondent.

Fourth Department, May 14, 1964.

181

*Harris, Beach, Wilcox, Dale & Linowitz (Edward R. Macomber* of counsel), for appellant-respondent.

*Falk, Schoenwald, Klafter & Ange (Sidney K. Schoenwald* of counsel), for respondent-appellant.

*Per Curiam.* This breach of contract action arises out of termination of a supermarket merchandising plan because of the withdrawal from its operation of a third party, whose participation was essential to the continuance of the plan. The respondent, an appliance dealer, agreed to participate with appellant, a financing subsidiary of Philco Corporation, in the sale of Philco products in supermarkets. The issues are: (1) whether appellant had any obligation to make available the place of performance for a minimum of seven months provided for in the contract and (2) if there was such a duty, whether respondent has adequately proved loss of future profits emanating from its breach.

The introductory or whereas clauses indicate that both parties desired to engage in a merchandising plan and that appellant " has entered into an agreement with Star Markets " in two designated stores to participate in merchandising the plan. The parties agreed that respondent would display Philco products for supermarket customers in an area made available by the supermarket, that appellant would finance the sales and that the agreement might be terminated by either party six months

from date of execution upon 30 days' written notice. The plan operated for about eight weeks and then Star terminated its arrangement with appellant and so informed respondent. Respondent sues for profits it would have realized had the plan operated for the specified six months and 30 days.

Appellant asserts no obligation to provide respondent with a sales area and contends that any statement in the whereas clause cannot be construed as such promise. Although a recital as to an intention in respect of the future may only indicate a motive and not a promise (*Burr* v. *American Spiral Spring Butt Co.,* 81 N. Y. 175), on occasion recitals assist in determining the proper construction of a contract (17A C. J. S., Contracts, § 314, p. 177 *et seq.*). When a contract has no significance without participation of a third party and one party has indicated it has entered into an agreement with that third party to participate and is silent as to any contrariwise understanding with the third party, that party has impliedly promised there will be performance by the third party for the duration of the contract (1 Restatement, Contracts, § 262, p. 376; also, see, § 331, p. 515).

The trial court correctly determined that the plan was inoperable without Star's participation and that respondent, as a reasonable business entity, was entitled to construe the entire agreement, including the whereas clause, as meaning that Philco had an arrangement with Star by which Star was bound for the duration of the stated period in the contract. The agreement having been drafted by appellant any ambiguity should be construed against it. Knowledge of the fact that Star could disassociate itself as one of the three essential participants at any time was never conveyed to respondent. Appellant must accept the consequences of its silence.

Frustration of performance is no defense where no unusual or unforeseeable event prevented performance and where provision could have readily been made for what actually occurred (6 Corbin, Contracts, § 1329, p. 346 *et seq.*; § 1340, p. 404 *et seq.*). Appellant's contention that rescission is the appropriate remedy is not tenable for this is not a case of misrepresentation but rather one of breach of contract.

Because of inability to determine from this record a reasonable measure of damages this issue should be remitted for more concrete proof. We are unable to determine how the trial court reached a figure of $8,400. Lack of evidence as to some of the factors contributing to net profit and conjectural and possibly unrealistic computations by reason of various fluctuations prevent reasonably accurate assessment of the amount of the loss

of future profits. Furthermore, the absence of evidence in respect of respondent's obligation to service the contracts and the cost thereof, the possibility of distortion of net profits because the measuring period of eight weeks included the Christmas season and the failure to compute the effect of sales made after termination, between February 3 and February 23, are additional examples of the deficiencies of the proof.

Absolute certainty of data upon which loss of future profits are to be estimated is not required but respondent must supply a more definite basis for computation (*Kathleen Foley, Inc.* v. *Gulf Oil Corp.*, 12 A D 2d 644, affd. 10 N Y 2d 859; *Haughey* v. *Belmont Quadrangle Drilling Corp.*, 284 N. Y. 136; *Wakeman* v. *Wheeler & Wilson Mfg. Co.*, 101 N. Y. 205, 209; 13 N. Y. Jur., Damages, § 119; 5 Williston, Contracts [rev. ed.], § 1345, § 1346, pp. 3776–3781; also, see, *Duane Jones Co.* v. *Burke,* 306 N. Y. 172, 192). It is for this reason that the action should be remitted to the trial court for an assessment of damages.

WILLIAMS, P. J., BASTOW, GOLDMAN, HENRY and NOONAN, JJ., concur.

Judgment unanimously modified on the law and facts by striking out that part which awarded plaintiff $8,400, plus interest and costs, action remitted to the trial court for assessment of damages only and as modified judgment affirmed, without costs of this appeal to either party.