In re A.W. LAWRENCE &
CO., INC., Debtor.

A.W. Lawrence & Company,
Inc., Plaintiff–Appellee,

v.

Sharon A. Burstein, Defendant–
Appellant

Gleason, Dunn, Walsh & O'Shea; Lawrence Insurance Group, Inc.; Lawrence Group, Inc., and Albert Lawrence, Defendants.

No. 01–CV–1531.

United States District Court,
N.D. New York.

Jan. 31, 2003.

Tuczinski, Cavalier, Burstein & Collura, PC, Albany, NY, Attorneys for Appellant Sharon A. Burstein; Richard I. Burstein, Of Counsel.

Nolan & Heller, LLP, Albany, NY, Attorneys for Appellee A.W. Lawrence and Company, Inc.; Justin A. Heller, Of Counsel.

### MEMORANDUM–DECISION and ORDER

HURD, District Judge.

## I. *INTRODUCTION*

Debtor-plaintiff-appellee A.W. Lawrence & Company, Inc. ("AWLC"), commenced an adversary proceeding against defendant-appellant Sharon A. Burstein ("Bur-

stein") seeking to recover $50,000 pursuant to 11 U.S.C. § 548 as a fraudulent transfer. Burstein now appeals from the February 23, 2001 Order (entered on February 27, 2001) and the March 5, 2001 Judgment of the Bankruptcy Court, as amended by the Order and Judgment of September 12, 2001, finding that AWLC fraudulently transferred $33,333 to Burstein and allowing AWLC to recover that amount plus interest against her.[1]

## II. *FACTS*

On November 21, 1996, a state court jury awarded Burstein $502,619 against Albert W. Lawrence, Lawrence Insurance Group, Inc., and Lawrence Group (collectively the "Judgment Debtors"). To avoid post-judgment motions and lengthy appeals, Burstein and the Judgment Debtors settled the case. Under the terms of the settlement, the Judgment Debtors agreed to pay Burstein $200,000 by January 17, 1997, $50,000 by February 10, 1997, and a final payment of $50,000 by February 24, 1997.

AWLC, which was not one of the Judgment Debtors, made the initial $200,000 payment to Burstein. The second payment was made on February 10, 1997 by a check drawn by Barbara C. Lawrence, the wife of Judgment Debtor Albert W. Lawrence, on her personal account and made payable to AWLC. Rather than to cash or deposit the check from Barbara C. Lawrence, AWLC endorsed the check over to Burstein and her attorneys. The third payment is irrelevant to the instant dispute.

AWLC filed a voluntary Chapter 11 Petition on February 27, 1997. In June 1997, AWLC commenced this adversary proceeding seeking to avoid and recover the $50,000 payment to Burstein as a fraudulent transfer.

In September 1998, both parties moved for summary judgment. As is pertinent hereto, the Bankruptcy Court denied the motions for summary judgment with respect to the $50,000 payment finding that there was a triable issue of fact whether AWLC had an interest in the $50,000. Specifically, there was a dispute whether the $50,000 check from Barbara C. Lawrence to AWLC was a gratuitous transfer or whether it was made in consideration for the purchase of a sail boat owned by AWLC. In denying the motions, the Bankruptcy Court stated:

> [AWLC] may have an interest in the second settlement [payment] of $50,000 delivered on February 10, 1997. The check was drawn from Barbara Lawrence's account made payable to [AWLC], then signed over to the judgment creditors. In consideration, [AWLC] transferred, or purported to transfer, a 52—for the sail boat known by the vessel name Escapade.

> However, ... Burstein offer[s] evidence that Barbara Lawrence would often write checks to cover cash shortfalls and to pay intermediate needs and ... suggests that these funds should be characterized not as [AWLC's] own funds. In fact, in the preliminary report of the examiner [appointed by the Bankruptcy Court], the examiner notes that the Escapade is the subject of a separate adversary proceeding and the resolution of those issues may assist in understanding whether the transfer will ultimately be avoidable ... as a fraudulent transfer.

> In any event, there are issues of material facts regarding the sail boat transfer

---

1. The amended Order and Judgment reflected a deduction of $16,667 which was paid to Burstein's attorneys Gleason, Dunn, Walsh & O'Shea. The attorneys settled the claim against them for 50% or $8,333.50.

and [AWLC's] interest in the sail boat that prevents this Court from granting summary judgment.... [S]ummary judgment cannot be granted because the ownership and purported transfer of the sail boat presents an issue of triable fact.

(R. 677–78, 683.)

The sail boat was, in fact, the subject of a separate adversary proceeding between AWLC and Barbara Lawrence ("Adversary Proceeding II"). In or about August 1999, AWLC and Barbara Lawrence settled Adversary Proceeding II. (R. 712–18.) Under the settlement agreement, Barbara Lawrence relinquished any right to the $50,000 payment, and the parties agreed to split any monies recovered as a result of the instant adversary proceeding. (*Id.*) The parties to Adversary Proceeding II further released one another from any claims relating to the sail boat Escapade. (*Id.*)

In September 1999, AWLC filed a motion *in limine* seeking to exclude from trial all evidence except for that pertaining to whether AWLC was insolvent at the time the subject transfer was made. In support of the motion, AWLC acknowledged that the Bankruptcy Court had previously identified a triable issue of fact concerning whether AWLC had an ownership interest in the $50,000, but contended that that issue had been definitively resolved in its favor by virtue of the above settlement agreement in Adversary Proceeding II. The Bankruptcy Court granted AWLC's motion *in limine* and stated:

[The issue of the ownership of the boat has] already been determined .... [T]here's been a dispute ... as to the issue about this boat. There's been a stipulation and agreement—a settlement event—dispute between those two people who made a claim to it. I—whatever your—what you are trying to say here is not going to be in the case, so I'm not—just disabuse yourself of that idea that you're going to litigate the title of this boat.... It's a done deal counsel....

The—this Court was concerned about in that previous hearing where we had the motion for summary judgment, there was an adversary in this case relating to the—to the boat, and there were Barbara Lawrence on the one hand and AWL[C] on the other hand. I focused on that adversary, and because there was that dispute—now the litigants to that dispute have settled that issue between themselves. The—what—the Burstein—Sharon Burstein's concern here is with the $50,000, and that's what we're dealing with here today.

(R. 752–56.) Accordingly, at trial, Burstein was not permitted to offer any evidence regarding the ownership of the sail boat or whether AWLC otherwise had an interest in the $50,000. The only issue considered at trial was whether or not AWLC was insolvent at the time.

After trial, the Bankruptcy Court found that the $50,000 transfer was fraudulent and entered judgment in favor of AWLC. Burstein then moved pursuant to Fed. R. Bankr.P. 7052, 9023, and 9024 seeking to alter, amend, or set aside the February 27, 2001 Order and March 5, 2001 Judgment. (R. 15–48.) Burstein's motion was granted, in part, and the amount of the judgment awarded against her was reduced. (*Id.*)[2] In all other respects, Burstein's motion was denied. (*Id.*)

Burstein then filed the instant appeal contending that the Bankruptcy Court (1) improperly applied the doctrine of collateral estoppel to prevent her from offering

---

**2.** See footnote 1.

proof on a necessary element of AWLC's case; (2) improperly admitted and relied upon a fragment of a document offered by AWLC; and (3) improperly allowed the bankruptcy estate to recover an amount exceeding the value of the property alleged to have been transferred by fraudulent conveyance.

### III. STANDARD OF REVIEW

■ In reviewing a bankruptcy court's decision, a district court applies the clearly erroneous standard to conclusions of fact and *de novo* review to conclusions of law. *In re Manville Forest Products Corp.*, 209 F.3d 125, 128 (2d Cir.2000); *In re Petition of Bd. of Directors of Hopewell Intern. Insurance Ltd.*, 275 B.R. 699, 703 (S.D.N.Y.2002); Fed. R. Bankr.P. 8013.

### IV. DISCUSSION

#### A. Collateral Estoppel and/or Reconsideration

Burstein contends that the Bankruptcy Court improperly applied the doctrine of collateral estoppel to preclude her from offering proof at trial concerning whether AWLC had an interest in the $50,000 payment. AWLC responds that the Bankruptcy Court did not invoke the doctrine of collateral estoppel, but, rather, "it implicitly reconsidered and modified its previous determination on the motion for summary judgment in light of new facts." (AWLC's Mem. of Law at 5.)

It is not clear from the record whether the Bankruptcy Court applied collateral estoppel, reconsidered the prior motion for summary judgment, or proceeded on some other basis. Regardless of how the Bankruptcy Court proceeded, the result was the same—Burstein was denied the opportunity to litigate an essential element of AWLC's claim.

■ To prove a fraudulent transfer, the debtor (AWLC) has the burden of demonstrating:

(1) *that the debtor had an interest in property*; (2) that a transfer of that interest occurred within one year of the filing of the bankruptcy petition; (3) that the debtor was insolvent at the time of the transfer or became insolvent as a result thereof; and (4) that the debtor received "less than a reasonably equivalent value in exchange for such transfer."

*BFP v. Resolution Trust Corp.*, 511 U.S. 531, 535, 114 S.Ct. 1757, 128 L.Ed.2d 556 (1994) (quoting 11 U.S.C. § 548(a)(2)(A)) (emphasis added). Thus, an essential element of AWLC's claim was to demonstrate that it had an interest in the $50,000.

In order to establish this essential element, AWLC contends that on February 10, 1997, it owned the sail boat Escapade, and on that date, Barbara Lawrence paid AWLC $50,000 by check to purchase same. Therefore, AWLC owned, or had an interest in, the $50,000 before the Barbara Lawrence check was endorsed and transferred to Burstein. AWLC further contends that the settlement agreement in Adversary Proceeding II conclusively establishes these facts as a matter of law. Finally, AWLC denies that it merely acted to "pass-through" the $50,000 from Barbara Lawrence to Burstein as payment of the second installment due from the Judgment Debtors.

■ Collateral estoppel applies where "(1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was a full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits." *See Grieve v. Tamerin*, 269 F.3d 149, 153 (2d Cir.2001)

(internal quotations and alteration omitted). If the Bankruptcy Court invoked collateral estoppel, that was improper for two reasons. First, the issue of ownership of the sail boat was neither actually litigated nor actually decided. Rather, it was the subject of a settlement agreement. *See Arizona v. California,* 530 U.S. 392, 411–16, 120 S.Ct. 2304, 147 L.Ed.2d 374 (2000); *Rockford Mut. Ins. Co. v. Amerisure Ins. Co.,* 925 F.2d 193, 197–98 (7th Cir.1991) ("A settlement ... cannot be the subject of a later collateral estoppel claim."); *Lipsky v. Commonwealth United Corp.,* 551 F.2d 887, 893–94 (2d Cir.1976) (consent judgment is not the result of an actual adjudication of any of the issues). Second, and perhaps more important, Burstein, who was not a party to, or otherwise represented at, Adversary Proceeding II, was not afforded a fair opportunity to litigate in the prior proceeding. *Baker by Thomas v. General Motors Corp.,* 522 U.S. 222, 238 n. 11, 118 S.Ct. 657, 139 L.Ed.2d 580 (1998) ("In no event ... can issue preclusion be invoked against one who did not participate in the prior litigation."); *Amalgamated Sugar Co., LLC v. NL Industries, Inc.,* 825 F.2d 634, 639 (2d Cir.) (preclusion only applies "in a case involving the same parties or their privies."), *cert. denied,* 484 U.S. 992, 108 S.Ct. 511, 98 L.Ed.2d 511 (1987). Thus, although title to the sail boat may have been resolved between AWLC and Barbara Lawrence, it remains unresolved as it pertains to Burstein.

■ If the Bankruptcy Court reconsidered the prior motion for summary judgment based upon evidence of the settlement agreement, doing so was improper because (1) despite Burstein's attempts to offer evidence tending to prove that the alleged transfer of the sail boat was a sham, she was not afforded an opportunity to submit further evidence in light of the settlement in Adversary Proceeding II (*see* R. 754–56.); and (2) the settlement agreement alone was an insufficient basis upon which to grant AWLC summary judgment on the issue of whether it had an interest in the $50,000. A review of the papers submitted in connection with the summary judgment motions demonstrates triable issues of fact regarding the alleged transfer of ownership of the sail boat to Barbara Lawrence. Resolution of those issues will determine whether AWLC had an interest in the $50,000, or merely acted as a conduit between Barbara Lawrence and Burstein. For example: (1) the August 1999 settlement in Adversary Proceeding II does not conclusively establish title as of February 1997, more than two years earlier; (2) the settlement agreement in Adversary Proceeding II provides that AWLC and Barbara Lawrence will split any monies recovered in this adversary proceeding;[3] (3) as of May 1999, title to the sail boat remained in the name of AWLC;[4] (4) there was no evidence of a board of director's resolution approving the sale of a corporate asset (*i.e.,* the sail boat); (5) there was no evidence of sales tax paid on any alleged transaction; (6) there was testimony of an urgent need for cash on February 10, 1997, the last date the Judgment Debtors were required to make the second installment on the settlement with Burstein; (7) Barbara Lawrence often wrote checks to AWLC to cover shortfalls; and (8) the date of the alleged sale of the sail boat from AWLC to Barbara Lawrence—February 10, 1997—by coincidence just happened to be on the exact date, and

---

3. This evidence is suggestive of collusion between Barbara Lawrence and AWLC.

4. There is no evidence in the record that the title to the sail boat has ever been registered in Barbara Lawrence's name.

for the exact amount, due Burstein on the second installment. Further, three months after the alleged sale, AWLC listed the sail boat as an asset on its May 1997 bankruptcy schedule, and AWLC's manager of financial reporting who had responsibility for recording checks in the general ledger was unaware of any connection between the $50,000 payment and the sail boat. Moreover, upon review of the settlement in Adversary Proceeding II, that document does not definitively establish title to the sail boat.[5]

Accordingly, the Bankruptcy Court improperly relied upon the settlement in Adversary Proceeding II to conclusively establish that AWLC had an interest in the $50,000 at the time of the transfer to Burstein. The entire circumstances of the settlement over two years after the transfer, which included a condition (*i.e.* AWLC and Barbara Lawrence to split any recovery from Burstein in this adversary proceeding) that provided a strong motive for the settling parties to fabricate, can hardly be considered conclusive. This matter must, therefore, be remanded for a determination based upon all of the evidence, whether AWLC had an interest in the $50,000 at the time it transferred same to Burstein.

### B. *Evidence—Rule 106*

Burstein next argues that the Bankruptcy Court improperly admitted a fragment of AWLC's consolidated trial balance over her objections that the entire document should be admitted. She contends that the remaining pages contain evidence of the financial status of AWLC's subsidiaries that was necessary for a proper determination of whether AWLC was insolvent at the time it paid the $50,000 to her. AWLC responds that the pages admitted into evidence contained all the necessary information concerning AWLC and its subsidiaries.

 Rule 106 of the Federal Rules of Evidence provides that:

> When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it.

Under this principle, an "omitted portion of a statement must be placed in evidence if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion." *United States v. Jackson*, 180 F.3d 55, 72 (2d Cir.1999) (quoting *United States v. Castro*, 813 F.2d 571, 575–76 (2d Cir.), *cert. denied*, 484 U.S. 844, 108 S.Ct. 137, 98 L.Ed.2d 94 (1987)). "The completeness doctrine does not, however, require the admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." *Jackson*, 180 F.3d at 72. "The trial court's application of the rule of completeness is reviewed only for abuse of discretion." *Id.*

 Burstein contends that "[t]he subsidiary and other financial information presented in the remaining thirty-nine pages

---

5. The closest the settlement comes to addressing title is in a "whereas" clause that states that "in consideration for the delivery of the ... $50,000 check, AWL transferred or purported to transfer the Escapade to Mrs. Lawrence." The use of the word "purport," which is defined as "to profess or claim, often falsely," *see* Random House Dict. of the En-glish Language 1167 (1979), does not definitely support the notion that title was actually transferred. *See Frenchman & Sweet, Inc. v. Philco Discount Corp.*, 21 A.D.2d 180, 182, 249 N.Y.S.2d 611 (4th Dept.1964) ("[A] recital as to an intention in respect of the future may only indicate a motive and not a promise.").

of the document, but not included in the four pages admitted, is relevant to the issue of AWL's solvency and fairly should have been considered to avoid a misleading interpretation of the four pages concerning AWL's financial condition." (Appellant's Mem. of Law at 17.) The Bankruptcy Court did not abuse its discretion because, under the facts and circumstances of this case, Burstein's argument does not meet the standard of Rule 106. The Bankruptcy Court credited the testimony of AWLC's Comptroller of Financial Reporting, Peter Diana ("Diana"), who testified that the four pages admitted into evidence contained all necessary information concerning AWLC and its subsidiaries, and that the remaining pages related to other corporations.

Moreover, it was not error for the Bankruptcy Court to rely upon this evidence in reaching its conclusion that AWLC was insolvent at the time of the transfer of the $50,000. The trial balance was substantiated by AWLC's witnesses. The Bankruptcy Court credited Diana's testimony that although the trial balances were not entirely accurate, they were the best available assessment of AWLC's financial affairs, and that, if anything, they overstated AWLC's assets. This evidence, together with the Bankruptcy Schedules and Burstein's failure to offer any evidence tending to refute AWLC's evidence, supports the Bankruptcy Court's conclusion that AWLC was insolvent.

### C. *Amount of Recovery.*

Since the Judgment must be vacated, Burstein's contention that the Bankruptcy Court should have reduced the amount of the judgment by an amount equal to the funds paid to AWLC by Barbara Lawrence in settlement of Adversary Proceeding II is moot with regard to this appeal.

### V. *CONCLUSION*

The Bankruptcy Court improperly applied the doctrine of collateral estoppel, or alternatively, upon reconsideration, improperly granted summary judgment to AWLC on the issue of whether it had an interest in the $50,000 payment. Accordingly, the judgment must be vacated. The Bankruptcy Court did not err in admitting only four pages of the consolidated trial balance. The amount of damages, if any, shall be determined upon retrial.

Accordingly, it is

ORDERED, that

1. The judgment of the Bankruptcy Court is VACATED;

2. This matter is REMANDED for a trial on the issues of whether AWLC had an interest in the $50,000, and if so, the proper amount of damages to be awarded.

IT IS SO ORDERED.