■ Vadym Matakov et al., Respondents, v Kel-Tech Construction Inc., Appellant, et al., Defendants. [924 NYS2d 344]—

Order, Supreme Court, New York County (Jane S. Solomon, J.), entered April 1, 2010, which granted the motion of plaintiffs' class counsel for approval of attorneys' fees in the amount of $200,000, modified, on the law and the facts, to the extent of remanding the matter to Supreme Court for an evidentiary hearing to determine an appropriate award of attorneys' fees, and otherwise affirmed, without costs.

The subject motion seeks attorneys' fees incurred in connection with the settlement of two related class actions. Plaintiffs brought the actions alleging, inter alia, breach of contract and violation of the Labor Law, to obtain prevailing wages for work they had performed at New York City public schools pursuant to public contracts. Following more than five years of litigation, the parties entered into a stipulation of class action settlement (stipulation), pursuant to which defendant-appellant was to pay

the difference between the wages paid to class members and prevailing wages, provided that the total settlement amount not exceed $600,000. Also pursuant to the stipulation, defendant agreed to pay class counsel's attorneys' fees, provided such fees were reasonable and did not exceed $200,000. Pursuant to procedures outlined in the stipulation, plaintiffs' total recovery was determined to be $116,648.66.

The court properly applied the lodestar method to calculate plaintiffs' class counsel's fee rather than the percentage method (*see Nager v Teachers' Retirement Sys. of City of N.Y.*, 57 AD3d 389 [2008], *lv denied* 13 NY3d 702 [2009]; *Flemming v Barnwell Nursing Home & Health Facilities, Inc.*, 56 AD3d 162, 165-166 [2008], *affd* 15 NY3d 375 [2010]). However, the record demonstrates that class counsel failed to establish through competent evidence that its fees were consistent with "customary fee[s] charged for similar services by lawyers in the community with like experience and of comparable reputation," or were reasonable (*Friedman v Miale*, 69 AD3d 789, 791-792 [2010], *lv denied* 16 NY3d 706 [2011] [internal quotation marks omitted]). Class counsel also failed to submit evidence reflecting the training, background, experience and skill of some individual attorneys who performed work in connection with the class actions (*see Matter of Rahmey v Blum*, 95 AD2d 294, 302 [1983]). The record reflects that a great deal of expense on all sides could have been avoided had plaintiffs' claims been appropriately investigated before a lawsuit was filed; concomitantly the number of hours expended was apparently excessive. In our view, the court should have undertaken an analysis as to whether all 1,256 hours expended by class counsel's attorneys, and the 433 hours worked by its paralegals, were useful and reasonable (*see Lunday v City of Albany*, 42 F3d 131, 134 [2d Cir 1994]).

Notwithstanding the motion court's observations that the litigation was "contentious," "heated" and "hard-fought," in light of the fact that the fee far exceeded plaintiffs' recovery, we remand the matter to Supreme Court for an evidentiary hearing to determine an appropriate amount of reasonable attorneys' fees to be awarded (*see Friar v Vanguard Holding Corp.*, 125 AD2d 444, 447 [1986]). Concur—Friedman, Catterson and Román, JJ.

Mazzarelli, J.P., and Manzanet-Daniels, J., dissent in part in a memorandum by Mazzarelli, J.P., as follows: I agree with the majority that the motion court properly applied the lodestar method in ascertaining the appropriate fee due to class counsel. However, the record reflects that the court, which was intimately familiar with the contentious nature of a litigation that was ag-

gressively litigated by both sides, gave appropriate consideration to each of the lodestar factors, including the quality of class counsel's representation. Accordingly, a hearing on the application would be a poor allocation of judicial resources.

It is well established that a trial court's fee award in a class action is entitled to broad deference, "and will not be overturned absent an abuse of discretion, such as a mistake of law or a clearly erroneous factual finding" (*Goldberger v Integrated Resources, Inc.*, 209 F3d 43, 47 [2d Cir 2000]).* This is because the trial court "is intimately familiar with the nuances of [a] case, [and] is in a far better position to [rule on a fee application] than is an appellate court, which must work from a cold record" (*In re Bolar Pharm. Co., Inc., Sec. Litig.*, 966 F2d 731, 732 [2d Cir 1992]).

Disregarding these principles, the majority would remand this matter, and direct the court to engage in "an analysis as to whether all 1,256 hours expended by class counsel's attorneys, and the 433 hours worked by its paralegals, were useful and reasonable." This, the majority maintains, is necessary because the court did not account for expenses which "could have been avoided had plaintiffs' claims been appropriately investigated before a lawsuit was filed." However, the majority ignores several facts. First, the court has already analyzed the six lodestar factors, one of which is the quality of the representation provided. In addition, as the court expressly noted, the fee awarded to class counsel is 49% less than the amount actually billed. This reduction, it is reasonable to assume, more than embraces any work related to plaintiffs' unsuccessful attempt to have subclasses certified in connection with certain projects.

Further, it is unfair for the majority to characterize the amount of fees billed as primarily owing to strategic choices made by class counsel. After all, defendants also litigated the matter aggressively, making strategic choices which drove up class counsel's fees. In retrospect, some of these choices could be seen as ill-advised, such as prosecuting two unsuccessful appeals to this Court.

The case which the majority relies on in suggesting that a more detailed analysis of the billings is necessary, *Lunday v City of Albany* (42 F3d 131, 134 [2d Cir 1994]), is readily distinguishable. In that case, a district judge presided over the merits of the litigation, and the fee application was decided by a magis-

---

* Federal jurisprudence is an appropriate guide when analyzing CPLR article 9 issues, because article 9 has much in common with Federal Rules of Civil Procedure rule 23, the federal class action provision (*see City of New York v Maul*, 14 NY3d 499, 510 [2010]).

trate judge. Here, of course the same court that oversaw the a matter, which it described as "hard-fought," considered the fee request. Thus, it was in a far better position to assess an appropriate fee.

Furthermore, *Lunday* was decided under a unique set of facts. As in this case, the defendants raised questions about the reasonableness of the amount of time expended by counsel, and the Second Circuit properly stated that there was no requirement "that the court set forth item-by-item findings concerning what may be countless objections to individual billing items" (*id.*). Indeed, the court observed that, while the bills submitted by the plaintiff's counsel were "in certain respects eyebrow-raising . . . we cannot conclude that the review conducted by the Magistrate Judge was erroneous, or lacking in care" (*id.*). However, the *sole* reason why the court remanded the fee application in *Lunday* was because of the District Court's comment that to engage in a detailed review of the submitted billing would be "to demean counsel's stature as officers of the court" (*id.* [emphasis omitted]). The Second Circuit, while noting that none of the objections raised by the defendants appeared to be meritorious, remanded to ensure that the magistrate judge's comment did not reflect a level of undue deference afforded the fee request.

Here, there is no indication that the motion court may have improperly abdicated its obligation to review the fee application. Accordingly, it is appropriate to defer to the court's determination that the fees awarded were commensurate with the legal work, in light of all of the circumstances.

I further disagree with the majority that class counsel failed to establish that its fees were consistent with "customary fee[s] charged for similar services by lawyers in the community with like experience and of comparable reputation." The supervising partner swore in his affirmation in support of the application that his hourly rate of $375, reduced to $350 for this matter, is consistent "with the hourly rates charged by attorneys of reasonably comparable skill, experience and reputation in New York." In *Friedman v Miale* (69 AD3d 789 [2010], *lv denied* 16 NY3d 706 [2011]), the case cited by the majority, the record was "devoid" of such proof (*id.* at 791). It is noted that, in opposing the fee application, defendant did not question the reasonableness of class counsel's hourly rates, raising that objection for the first time on this appeal. Nor, did defendant challenge below the billings by the firm's associates on the basis that they failed to establish their "training, background, experience and skill." In any event, the supervising partner's description of the associ-

ates' years of experience as attorneys and the fact that they had assisted him in "numerous" wage-and-hour law cases were certainly sufficient bases for the court to weigh the reasonableness of the relevant portions of the fee request.

Based on the foregoing, it is clear that the motion court acted within its broad discretion. Accordingly, I would leave undisturbed the court's award of fees to plaintiffs. **[Prior Case History: 2010 NY Slip Op 30701(U).]**