Lewis Saul, Plaintiff(s),

against
Eric Cahan, Defendant(s),


500494/2014

Attorney for Plaintiff:
Lauren B. Lepore, Esq.
Law Offices of Lauren B. Lepore, P.C.
200 Park Avenue -17th Floor
New York, NY 10166
Attorney for Defendant:
Judd Burstein, Esq.
Judd Burstein, P.C.
1790 Broadway
New York, NY 10019


Carolyn E. Demarest, J.

In motion sequence No.8, Defendant Eric Cahan ("Cahan") moves for attorneys' fees and costs under CPLR §3220. Pursuant to a prior decision in this matter, dated May 1, 2015, this Court denied Cahan's motion for attorneys' fees without prejudice as the defendant's motion did not include a copy of the §3220 offer ("the 3220 Offer") or proof of billing. Cahan now files the instant motion, de novo.
BACKGROUND
/i>
In this action, Cahan advised the plaintiff, Lewis Saul ("Saul") regarding the purchase of contemporary art in exchange for a commission. A dispute arose between the parties regarding certain art transactions, resulting in Saul's filing of the underlying complaint on January 22, 2014. A more detailed analysis of the relationship between the parties is found in this Court's Decision and Order, cited as Saul v Cahan, 2014 NY Slip Op 51592 (U) [Sup Ct, Kings County 2014] ("Dismissal Decision").
On June 20, 2014 (the "Offer Date"), Cahan's counsel at the time, Jack A. Gordon, Esq., of Kent, Beatty & Gordon, LLP, served and filed a formal "Offer By Defendant Eric Cahan To Liquidate Damages Conditionally." The Offer stated as follows:
PLEASE TAKE NOTICE, that pursuant to CPLR 3220, Defendant Eric Cahan offers that if he fails in his defense of Plaintiff Lewis Saul's cause of action based upon contract, Plaintiff's damages may be assessed at the sum of $10,000, with costs then accrued to the extent allowable by law. For purposes of this offer, the term "costs" shall not be construed to include attorneys' fees.
The Offer further cautioned:
[I]f Plaintiff fails to serve written notice of acceptance of this offer within ten days of service hereof and fails to obtain a more favorable judgment, he shall pay the expenses necessarily incurred by Defendant Cahan for trying the issue of damages from the time of this offer.
The Offer included the caption and index number of the present action, as well as Mr. Gordon's signature on behalf of Cahan as Defendant, and was further noticed to Edward A. Coleman, Esq., as attorney for Saul. While no writing evidencing a formal rejection of the 3220 Offer has been provided, Saul did not accept the offered $10,000 as he and Cahan continued to litigate before this Court well-beyond the stated ten day acceptance window.
On November 7, 2014, this Court rendered its Dismissal Decision, granting, in its entirety, Cahan's motion for an order dismissing Saul's amended complaint (see Saul v Cahan, 2014 NY Slip Op 51592 (U) [Sup Ct, Kings County 2014]). This Court held, inter alia, that the allegations were "largely speculative and lack the particularity required to [*2]state an actionable claim..." (Id. at *4). As this Dismissal Decision constitutes a judgment more favorable to defendant, under CPLR §3220, Cahan argues that he is entitled to recover the attorney's fees incurred after the Offer Date.
Cahan first moved for relief under CPRL §3220 on December 5, 2014. On May 1, 2015, this Court denied Cahan's motion without prejudice, finding, inter alia, that Cahan's motion "did not include a copy of the 3220 Offer or proof of the attorney's fees." (Saul v Cahan, 2015 NY Slip Op 30710 (U) [Sup Ct, Kings County 2015]). Cahan now brings the instant motion, de novo, seeking the same relief under CPLR 3220, proffering documentation in support.
DISCUSSION
CPLR §3220, provides:
At any time not later than ten days before trial, any party against whom a cause of action based upon contract, express or implied, is asserted may serve upon the claimant a written offer to allow judgment to be taken against him for a sum therein specified, with costs then accrued, if the party against whom the claim is asserted fails in his defense. If within ten days thereafter the claimant serves a written notice that he accepts the offer, and damages are awarded to him on the trial, they shall be assessed in the sum specified in the offer. If the offer is not so accepted and the claimant fails to obtain a more favorable judgment, he shall pay the expenses necessarily incurred by the party against whom the claim is asserted, for trying the issue of damages from the time of the offer. The expenses shall be ascertained by the judge or referee before whom the case is tried. An offer under this rule shall not be made known to the jury (emphasis added).
As this Court stated in its prior decision of May 1, 2015: "[a]lthough the plain language of the statute appears to contemplate at least the commencement of a trial before a party could recover attorney's fees pursuant to CPLR 3220 (see, e.g., Abreu v Barkin & Assoc. Realty, Inc., 115 AD3d 624 [1st Dept 2014] (holding that a party is entitled to attorney's fees pursuant to CPLR 3220 where plaintiff withdrew claims, pursuant to a stipulation, at trial)), the Third Department granted attorney's fees pursuant to CPLR 3220 where a defendant obtained summary judgment dismissing a case after the joinder of issue (see Morgan v Kunker, 268 AD2d 749, 751 [3d Dept 2000]). Accordingly, the doctrine of stare decisis requires this court to follow the precedent of the Third Department Appellate Division until the Court of Appeals or the Second Department Appellate Division pronounces a contrary rule (see Mountain View Coach Lines, Inc. v Storms, 102 AD2d 663, 664 [2d Dept 1984])." (Saul, 2015 NY Slip Op at *2). This ruling is the law of the case and Saul's attempts to reargue in response to defendant's motion are improper.
Saul argues, de novo, that Morgan does not justify an award of expenses to Cahan. This Court, however, has already made a ruling to the contrary. Cahan is in fact entitled to [*3]an award of attorney's fees under the Third Department's ruling in Morgan. Accordingly, the applicable rule for this action has already been determined, and absent contrary direction from the Appellate Division, Second Department, this Court adheres to the law of the case. While Saul further contends that the only expenses that could possibly be recovered under §3220 must be those directly related to the issue of damages, necessarily incurred expenses include, a priori, attorney's fees (see Siegel, Practice Commentaries, McKinney's Cons Law of NY, Book 7B, CPLR C3220:1, "It is the trial judge (or referee) who must assess these expenses, which in this instance should include attorney's fees" (emphasis added)). It is well within the ambit of this Court to assess the reasonableness of the counsel fees demanded by Cahan and to make an appropriate award.
In deciding an application for counsel fees, the Court must consider "the following factors: time and labor required, the difficulty of the questions involved, and the skill required to handle the problems presented; the lawyer's experience, ability and reputation; the amount involved and benefit resulting to the client from the services; the customary fee charged by the Bar for similar services; the contingency or certainty of compensation; the results obtained; and the responsibility involved" (Matter of Freeman, 34 NY2d 1, 9 [1974]; see also Breidbart v Wiesenthal, 117 AD3d 766, 767 [2d Dept 2014]). Under the lodestar method customarily employed to calculate reasonable attorneys' fees in class actions, applying these factors, reasonable fees are calculated by multiplying the reasonable hours expended on the matter by a reasonable hourly rate (see Matakov v Kel-Tech Constr. Inc., 84 AD3d 677, 678 [1st Dept 2011]).
Calculation of reasonable attorneys' fees under CPLR 3220 is not based on the fees incurred throughout the entire duration of the action, but must be limited to fees incurred subsequent to the rejection of the 3220 liquidation offer, inclusive of the cost of recovering such attorneys' fees. While Cahan, in his reply papers, postulates that the Court may well deem an award in excess of what was actually billed appropriate relief, in light of the determination of this Court in dismissing the action and counsel's discounting of their usual rates for defendant's benefit, such an award would constitute sanctions, not sought by counsel in this motion sequence and previously denied by this Court, albeit without prejudice. CPLR §3220 is a mechanism for "reimbursement" of the costs of litigation, including reasonable attorney's fees that could have been avoided had the offer to liquidate damages been accepted (see Siegel, CPLR C3220:1). The Court therefore is tasked with an assessment of the reasonableness of the fees billed after the Offer Date.Here, Cahan affirms that he incurred $24,247.27 in attorneys' fees and costs from June, 2014 through and including March 31, 2015 in defending this matter. The invoices and billing logs submitted do not, however, support this amount. He further states that his attorneys have extended him significant discounts throughout the duration of this litigation. The voluminous invoices submitted by Cahan show work produced by three separate law firms: Ehrenstein Charbonneau Calderin, Kent Beatty & Gordon, and the Law Offices of Lauren B. Lepore, P.C. While Ehrenstein billed Cahan under the caption [*4]"Eric Cahan v. Lewis Saul" (dismissed and discontinued on June 17, 2015, E-Unit LLC, et al. v. Lewis Saul, et al., Index No. 511863/2014) which would suggest billing outside the scope of this proceeding, at least part of the services rendered were in fact related to the instant matter, as evidenced by the notation of CPLR 3220 on page 2 of the invoice for the period ending 8/27/2014. Moreover, while certain line-items taken from Cahan's invoices pre-date the Offer Date, the Court has made the appropriate adjustment in its computation of the total award based on the logs submitted by deducting the earlier billing.
Ultimately, an examination of the attorney logs reveals that Cahan's attorneys extended him significant discounts from the rates customarily charged for this type of litigation, often providing services at no charge. Cahan offers a supporting affirmation from Lauren B. Lepore, Esq. regarding legal services she rendered in this action. Ms. Lepore states that she has been practicing law for over 12 years and that she was retained in August of 2014. Ms. Lepore further states that she has billed Cahan at a "below-market" rate of $225 per hour for her services. While at the low-end for such services, such rate is within the reasonable parameters typically charged in this jurisdiction. Moreover, the Court notes the Affirmation in Reply of Christopher B. Spuches of Ehrenstein Charbonneau Calderin, wherein he states that he too extended significant discounts in billing the time spent on this litigation and that, had he not discounted his rates, Cahan's legal bills would have amounted to $200,000. Mr. Spuches explains the lack of merit in plaintiff's claims based upon communications he had with Mr. Saul before the action was commenced. His affirmation would suggest that sanctions are appropriate, however, upon this motion to recover the costs of litigation pursuant to CPLR 3220, Cahan is only entitled to recover what he actually spent on counsel fees, not what he might have paid to a different attorney or pursuant to a different retainer agreement.
With respect to total costs incurred, adjusted for the period beginning on June 20, 2014, and based upon the documentation provided in support, this Court has determined that a reasonable award for attorneys' fees to Cahan totals $15,557.37. Said award represents reasonable fees generated after the Offer Date, inclusive of the costs incurred in bringing an application for fees before this Court.
CONCLUSION
Cahan's motion for attorney's fees pursuant to CPLR §3220 is hereby granted to the extent that Saul is liable to Cahan for attorney's fees in the amount of $15,557.37.Cahan may enter judgment against Saul, with interest from June 3, 2015 unless payment in full is made to Cahan, through his present counsel, Lauren Lepore, Esq., within ten days of this decision. 
This constitutes the Decision and Order of this Court.
ENTER,
_________________
Carolyn E. Demarest
J.S.C.