# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**723**
**CA 16-00042**
PRESENT: WHALEN, P.J., CARNI, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.

---

CLAYTON A. POTTER, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

DONALD PADILLA, MICHAEL S. ZINK AND ROBERT F.
HYLAND & SONS, LLC, DEFENDANTS-RESPONDENTS.

---

FORSYTH, HOWE, O'DWYER, KALB & MURPHY, P.C., ROCHESTER (SANFORD R.
SHAPIRO OF COUNSEL), FOR PLAINTIFF-APPELLANT.

CALIHAN LAW PLLC, ROCHESTER (ROBERT B. CALIHAN OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered October 20, 2015. The order, insofar as appealed from, granted those parts of the motion of defendants seeking to dismiss plaintiff's first and second causes of action.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking, in his first two causes of action, an accounting and money damages for breach of contract, and to compel defendants to provide their records related thereto. Defendants moved to dismiss the complaint, and Supreme Court granted those parts of the motion seeking dismissal of the first two causes of action. We affirm. To resolve prior litigation, the parties executed an agreement under which plaintiff assigned to defendant Robert F. Hyland & Sons, LLC (Hyland) all of his right, title and interest in an "Assigned Membership Interest" in Hyland in exchange for a specific payment. The "Assigned Membership Interest" was defined in the agreement as plaintiff's "entire membership interest" in Hyland, including all of plaintiff's "rights to and claims for distributions" from Hyland "and all rights and remedies in relation thereto." Additionally, in the stipulation discontinuing the prior litigation, the parties agreed that the discontinuance of the litigation was "on the merits and with prejudice."

Contrary to plaintiff's contention, the court did not err in referencing the definition of "Assigned Membership Interest" in construing the agreement, even though the definition was found only in the agreement's "whereas" clause, because such recital paragraphs may be used to "assist in determining the proper construction of a contract" (*Frenchman & Sweet v Philco Discount Corp.*, 21 AD2d 180,

182; *see Bintz v City of Hornell*, 268 App Div 742, 747, *affd* 295 NY 628). Using that definition, the court properly concluded that plaintiff, by executing the agreement and accepting the payment made thereunder, assigned to Hyland the claims he makes in the first and second causes of action in the instant case. In any event, because plaintiff also agreed to discontinue the prior litigation "on the merits and with prejudice," and the claims he makes in the first and second causes of action in the instant case could have been raised in the prior litigation, the court also properly determined that those causes of action are barred by the doctrine of res judicata (*see Incredible Invs. Ltd. v Grenga* [appeal No. 2], 125 AD3d 1362, 1363). Plaintiff has abandoned on appeal his contention that res judicata does not apply because the individual defendants were not parties to the prior litigation (*see generally Ciesinski v Town of Aurora*, 202 AD2d 984, 984).

Entered:  October 7, 2016                    Frances E. Cafarell
                                             Clerk of the Court