281 St. Nicholas Partners LLC, Petitioner-Landlord-Appellant, - 
against
Virginia V. Blake, a/k/a Virginia Moore, Respondent-Tenant-Respondent, Ebony Moore, Unique Stewart, Brandon Best, "John Doe" and/or "Jane Doe," Respondents-Undertenants.



Landlord appeals from 1) an order of the Civil Court of the City of New York, New York County (Arlene H. Hahn, J.), entered November 12, 2015, which, after a hearing, granted respondents' motion for attorneys' fees as prevailing parties and set the matter down for a hearing to determine the reasonable value of such fees, and 2) an order (same court and Judge), entered on or about February 26, 2016, which, after a hearing, awarded respondents $261,887.48 in attorneys' fees and interest in a holdover summary proceeding.




Per Curiam.
Order entered November 12, 2015 (Arlene H. Hahn, J.), affirmed, with $10 costs. Order (Arlene H. Hahn, J.) entered on or about February 26, 2016, modified to the extent of vacating the award and remanding the matter to Civil Court for an evidentiary hearing to determine an appropriate award of attorneys' fees; as modified, order affirmed, without costs.
A fair interpretation of the evidence supports the hearing court's determination that the March 17, 2006 lease between landlord's predecessor and respondent Virginia Blake is controlling. Respondents, as the prevailing parties in this holdover proceeding, are entitled to attorneys' fees pursuant to paragraph 27 of that lease and the reciprocal provisions of Real Property Law § 234.
While the court properly applied the lodestar method to calculate attorneys' fees, the court should have undertaken an analysis to determine whether the time expended by respondents' attorney and his staff, including some 300 hours of legal research, 175 hours of document composition, and 50 hours meeting with clients, was useful and reasonable in this illegal sublet holdover proceeding that was resolved in tenant's favor without a trial (see Matakov v Kel-Tech Constr. Inc., 84 AD3d 677 [2011]). Since the present record is insufficient to enable us to make our own determination of the reasonable value of attorneys' fees, we remit the matter for a new hearing to determine an appropriate amount of reasonable attorneys' fees to be awarded (see Giblin v Murphy, 97 AD2d 668, 671 [1983], lv dismissed 62 NY2d 605 [1984]; Frenchman & [*2]Sweet v. Philco Discount Corp., 21 AD2d 180 [1964]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: March 22, 2017