Matter of Oustatcher v Clark (2025 NY Slip Op 02653)

Matter of Oustatcher v Clark

2025 NY Slip Op 02653

Decided on May 01, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 01, 2025

Before: Manzanet-Daniels, J.P., Higgitt, Rosado, Michael, JJ. 

Index No. 28720/20|Appeal No. 4244-4245|Case No. 2023-03842 2023-05094|

[*1]In the Matter of Adam Oustatcher, Petitioner-Appellant-Respondent,
v
Darcel Clark, etc., et al., Respondents-Respondents-Appellants. 

Adam Oustatcher, Garden City, appellant-respondent, pro se.
Darcel D. Clark, District Attorney, Bronx (David M. Cohn of counsel), for respondents-appellants.

Order, Supreme Court, Bronx County (Paul L. Alpert, J.), entered June 13, 2023, which awarded petitioner attorney's fees and costs, unanimously affirmed, without costs. Order, same court and Justice, entered October 4, 2023, which granted petitioner's motion for leave to reargue and respondent's cross-motion for the same relief and, upon reargument, adhered to its prior determination, unanimously affirmed, without costs.
The court providently exercised its discretion in setting the amount of reasonable fees and costs (see Continental Indus. Group, Inc. v Ustuntas, 215 AD3d 417, 417-418 [1st Dept 2023]). The court was not required simply to accept petitioner's excessive fee calculations (see Matakov v Kel-Tech Constr., Inc., 84 AD3d 677, 678 [1st Dept 2011]). Instead, the court properly applied an hourly rate which it determined based on its knowledge of comparable rates charged in the community (see Continental Indus. Group, 215 AD3d at 418; see Miele v New York State Teamsters Conference Pension & Retirement Fund, 831 F2d 407, 409 [2d Cir 1987]). It also providently exercised its discretion in adjusting the amount of hours to account for petitioner's clearly excessive time entries and inclusion of nonlegal work (see New York State Assn. for Retarded Children, Inc. v Carey, 711 F2d 1136, 1146 [2d Cir 1983]).
Petitioner established no basis to conclude that the Justice presiding over the matter should have recused himself, that the court abrogated its duties, or that the court failed to comply with the Code of Judicial Conduct.
We have considered the remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 1, 2025