Matter of Surveillance Tech. Oversight Project v New York City Police Dept. (2025 NY Slip Op 03265)

Matter of Surveillance Tech. Oversight Project v New York City Police Dept.

2025 NY Slip Op 03265

Decided on May 29, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 29, 2025

Before: Kern, J.P., Kennedy, Kapnick, Gesmer, Shulman, JJ. 

Index No. 151747/23|Appeal No. 4487|Case No. 2024-01348|

[*1]In the Matter of Surveillance Technology Oversight Project, Petitioner-Respondent,
v
New York City Police Department, Respondent-Appellant.

Muriel Goode-Trufant, Corporation Counsel, New York (Jonathan A. Popolow of counsel), for appellant.
Quinn Emanuel Urquhart & Sullivan, LLP, New York (Sami H. Rashid of counsel), for respondent.

Judgment (denominated an order), Supreme Court, New York County (Lyle E. Frank, J.), entered January 29, 2024, after partial settlement of this proceeding brought pursuant to CPLR article 78 arising from the denial of petitioner's Freedom of Information Law (FOIL) request, granting petitioner's motion for reasonable attorneys' fees and awarding $76,424.32, unanimously modified, on the law and the facts, to reduce the award to $34,999.80 for attorneys' fees and litigation costs, and otherwise affirmed, without costs.
We find that Supreme Court improvidently awarded inflated hourly rates for four attorneys and a paralegal working for petitioner's counsel (see generally Public Officers Law § 89[4][c][ii]; Matter of Sethi v Town of Hempstead, 233 AD3d 787, 789 [2d Dept 2024]). Attorneys' fees must be "consistent with 'customary fee[s] charged for similar services by lawyers in the community with like experience and of comparable reputation'" (Matakov v Kel-Tech Constr. Inc., 84 AD3d 677, 678 [1st Dept 2011]). "Experience includes not only the number of years of practice but also the nature of the practice engaged in" (Matter of Rahmey v Blum, 95 AD2d 294, 302 [2d 1983], citing Equal Employment Opportunity Commn. v Sage Realty Corp., 521 F Supp 263, 269 [SD NY 1981]).
The attorneys, law clerks, and paralegal from Quinn Emanuel Urquhart & Sullivan, LLP claimed two to three times the typical rate for counsel experienced in FOIL related special proceedings, whereas their expertise is in other areas of law (see e.g. Matter of New York Times v City of New York Off. of the Mayor, 2023 NY Slip Op 32941[U], *3-4 [Sup Ct, NY County 2023]; Matter of Aron Law, PLLC v New York City Law Dept., 2023 NY Slip Op 32736[U] [Sup Ct, NY County 2023]; Hunter v City of New York, 2021 WL 4942769, *4-5, 2021 US Dist LEXIS 204295, *6-8 [ED NY, Oct. 22, 2021, 12-CV-6139 (MKB)]; Sanson v City of New York, 2021 WL 1191566, *3-4, 2021 US Dist LEXIS 60987, *4-6 [SD NY, Mar. 30, 2021, 10 Civ 2569 (AT)]). Moreover, this case, while involving new technologies, did not involve novel issues of law (cf. Matter of New York Times, 2023 NY Slip Op 32941[U], *4 [novel issue of whether, under NY City Charter, letter from Conflicts of Interest Board (COIB) to Mayor was "exempt from disclosure as a 'record of the COIB'"]; APEX Employee Wellness Servs., Inc. v APS Healthcare Bethesda, Inc., 2018 WL 5784544, *5, 2018 US Dist LEXIS 189059, *14 [SD NY, Nov. 5, 2018, 11 Civ 9718 (ER)] [involving "complex contract dispute"]). Instead, respondent NYPD raised standard exemptions common to many other FOIL requests it considers.
Accordingly, we maintain only the rate proffered for Anthony Staltari at $464 per hour, and set reasonable rates as follows: for Sami H. Rashid, $650 per hour; for Nicolas Siebert, $375 per hour; for Joshua Burd, $250 per hour upon admission to the bar, and $150 per hour while serving as an unadmitted law clerk; for Brian Ip, $150 per hour; and for Michael Alexander, paralegal[*2], $100 per hour. We decline to reduce the rates proffered for petitioner's in-house attorneys, which do not deviate from the typical rate based on their experience and area of practice.
However, we reduce in-house counsel's hours to the extent that petitioner was represented by Quinn Emanuel in this proceeding and petitioner's voluntary reduction failed to account for those hours claimed. The hours for David Siffert are further reduced by 4.85 hours, and for Albert Fox Cahn by 2.2 hours.
We decline to reduce the litigation costs awarded, as Supreme Court providently found that petitioner's voluntary 20% reduction was reasonable.
In sum, the hours, rates, and fees for each attorney and paralegal are as follows: Sami H. Rashid: 4.2 hours at $650/hour = $2,730; Nicolas Siebert: 17.4 hours at $375/hour = $6,525; Joshua Burd: as associate: 1.0 hours at $250/hour = $250; Joshua Burd, as law clerk: 48.2 hours at $150/hour = $7,230; Brian Ip: 22.8 hours at $150/hour = $3,420; Michael Alexander: 0.4 hours at $100/hour = $40; Anthony Staltari: 1.2 hours at $464/hour = $556.80; David Siffert: 7.75 hours at $640/hour = $4,960; Albert Fox Cahn: 0.2 hours at $640/hour = $128; and Nina Loshkajian: 2.8 hours at $360/hour = $1,008.
Thus, the total attorneys' fees are $26,847.80 and litigation costs are $8,152, or $34,999.80 in total.
We have considered the remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 29, 2025